H. W. BROWN v. THE STATE.

1. On appeal from a final judgment against the sureties on a bail bond, the fact that the bond does not appear from the transcript to have been filed among the papers in the cause is no ground for reversal when no such defense was made in the court below, if the bond be substantially set forth in the judgment *nisi* and the *scire facias*.
2. Nor can the fact that no formal approval of the bond was made by the sheriff be ground for reversal, if it appear that the bond was returned into court by the sheriff who took it; the taking of the bond by the sheriff and its return into court is a substantial approval.
3. No judgment can be rendered against a surety on a bail bond unless judgment be at the same time rendered against the principal; nor can judgment be entered against one surety when there is no judgment, or discontinuance, as to his co-surety.

APPEAL from Houston.    Tried below before the Hon. Leroy W. Cooper.

*Chandler, Carleton & Robertson*, for appellant.

*Geo. Clark, Attorney-General*, for the State.

DEVINE, ASSOCIATE JUSTICE.—A judgment final by default was entered against appellant as surety of one Ed. Fletcher, indicted at the November term, 1870, of the District Court of Houston county, on a charge of theft of hogs, from which judgment he has appealed.

4

The cause was called for trial during the August term, 1872, and the defendant, Fletcher, failing to appear, a judgment *nisi* was rendered in the usual form against the principal, Fletcher, and the securities on his bond, W. H. Cundiff and H. W. Brown.

The judgment, after reciting at length the substance of the bond, directed *scire facias* to issue to the sureties, Cundiff and Brown, commanding them to appear at the next term of the court and show cause why the judgment *nisi* should not be made final. There was service of the *scire facias* on the appellant, Brown, on the twenty-second of October, 1872, and a judgment final by default on the sixth day of the November term, 1872. The appellant, Brown, moved in arrest of judgment, which motion was overruled. With respect to the motion in arrest of judgment, it is sufficient to state that the grounds set forth in the motion are mere general statements, or charges, and, so far as their meaning can be inferred, they are not supported by an examination of the record.

The appellant assigns as error, first, "That it is not shown that there ever was any bond *filed* amongst the papers in the cause." A reply to this is found in the fact, that it is probably a clerical omission; it was not raised in the court below; if it had been raised it would have been met by an order to file it, "*nunc pro tunc;*" and as the judgment *nisi* and the *scire facias* set out the bond in substance, it is too late to raise this objection in this court.

The second error assigned is, "That if the bond was ever filed, it is not shown that the amount of the bond was fixed by any court, and it is not shown by whom the bond was taken, and the same has never been approved." The record shows the amount of the bond was placed at three hundred dollars. The bond was taken by the sheriff of Houston county. The taking of the bond by the sheriff and returning it into court was, in substance, an

approval of the bond; and if any force exists in this objection it should have been raised in the District Court on the motion in arrest of judgment.

The third assignment, "that the bond is onerous, the same being fixed at three hundred dollars," etc., is no cause of complaint. It does not appear how a bond in that amount, to secure the appearance for trial of a party charged with theft, can be considered onerous; and were it so, the sureties have no legal or reasonable cause of complaint. They were not compelled to become securities for the accused, Fletcher. They were mere volunteers.

The fourth assignment is, "That the pretended bond required defendant, Ed. Fletcher, to appear at the November term of the District Court of Houston county, and the *scire facias* shows that the forfeiture was taken in August, A. D. 1872." In reply to this, it is only necessary to state that the defendant, Fletcher, gave his bond on the twenty-ninth of September, 1871, conditioned to "appear at the next term of the District Court of Houston county, to be holden on the third Monday in November next, and there to answer said bill of indictment, and appear from day to day and from term to term." The condition recited disposes of the fourth assignment.

The fifth assignment, that "there is no regular term of the District Court of Houston county fixed by the law to be holden in August;" and the sixth assignment, that "there is no law providing for any process to be issued to the August term," are answered by reference to the law, approved November 25, 1871, authorizing a special term of the District Court of Houston county to be held, commencing on the fourth Monday in August, 1872. This court was but a continuance of the July term of that year, it commencing on the close of the July term.

The seventh and last assignment of error is fatal to the judgment. "Because the forfeiture (if any) was made

by both of the sureties, and the judgment final is taken against only one, viz., H. W. Brown."

There was no judgment final against the principal in the bond, neither was there a judgment final, or a discontinuance, as to appellant's co-surety, W. H. Cundiff.

The judgment is therefore reversed and the cause remanded.

REVERSED AND REMANDED.