### S. J. BULLARD ET AL. v. THE STATE.

*No. 237. Decided January 20.*

**Bail Bond—Scire Facias—Impossible Date.**—Where a bail bond was forfeited and judgment nisi rendered at the July Term of court, and scire facias issued to the sureties on the 20th day of July, requiring them to appear and answer on the third Monday of said month. which was the 18th of July, a day already passed: *Held*, that the citation being for an impossible date. a judgment by default at a subsequent term of court was void for want of proper service.

WRIT OF ERROR from the County Court of Ellis. Tried below before Hon. B. McDANIEL.

At the July Term of the County Court of Ellis County the appearance bond of Claude Bullard for $100 was forfeited, and judgment nisi rendered. Appellants, S. J. Bullard and F. Hapson, were sureties on said bond. The scire facias for these sureties, which was attested July 20, 1892, commanded appellants to appear and answer on the third Monday in July, which was the 18th day of July, a date already past at the time of the issuance of the writ of scire facias.

At the October Term, 1892, the sureties failing to appear and answer, judgment final by default was rendered against them, and it is from this judgment they prosecute this their writ of error.

*M. B. Templeton*, for plaintiffs in error.—The court erred in rendering judgment by default against appellants, no appearance having been made, because the citation herein commanded them to appear at an impossible date, and at a date prior to the time of its issuance, and at a time when there was no court; in this, said citation was issued July 20, 1892, and commanded them to appear on the third Monday in July, 1892, which was the 18th day of July, 1892. 1 W. & W. C. C., sec. 520.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The bail bond herein was forfeited at the July Term of the court. Citation issued to the sureties on the 20th day of the same month, requiring them to appear and answer on the third Monday thereof, which was the 18th day of the month. Judgment final, by default, was subsequently entered at the October Term.

The citation required appearance at an impossible date, two days before its attestation and issuance. It should have required the sureties to appear at the following term of the court. 1 W. & W. C. C., sec. 520; Willson's Crim. Proc., sec. 2017.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.