### Chas. Hodges Et Al., v. The State.

No. 2039.   Decided May 28, 1913.

Rehearing denied January 28, 1914.

**1.—Bail Bond—Judgment Nisi—Appearance of Defendant—Date.**

A judgment nisi is not defective because the date of appearance of defendant is not recited therein; this is not a requisite of either the judgment nisi or the citation on forfeited bail bond. Davidson, Judge, dissenting.

**2.—Same—Date of Appearance—No Variance.**

Where the bond required defendant to appear at the courthouse of said county, etc. on the —— day of —— 191—, etc., and was otherwise sufficient, this constituted no variance between the date of appearance as stated in the bond and as stated in the judgment nisi, as the terms used were equivalent to stating no date, and the appearance of the defendant as set out in the bond was as required by law. Davidson, Judge, dissenting.

**3.—Same—Definition of Offense—Felony—Keeping Gambling House.**

It · is not required by the Code that the judgment nisi shall define the offense with that definiteness that is required in an indictment or bail bond, and where the bond stated that defendant stood charged with a felony, and the judgment nisi and citation recited that he was by indictment accused of the offense of keeping and being interested in keeping certain premises and buildings for the purpose of being used for gaming, there was no variance, as defendant was charged with a felony.

**4.—Same—Rule Stated—Citation—Requisites.**

There are but seven requisites of a citation in a forfeited bail bond case, and where each one of these are fully complied with in the judgment nisi and the citation issued thereon, this court has no authority to add other requisites thereto nor is there any need or necessity for doing so.

**5.—Same—Procedure—Civil Case.**

Our laws require that after forfeiture of the bond, the case shall be docketed on the civil docket and shall be governed by the same rules governing other civil actions, and where the citation is sufficiently definite as to apprise the defendant of the nature of the demand, the same was sufficient.

**6.—Same—Principal—Dismissal—Surety—Several Obligation.**

Where judgment nisi was taken against the principal in the bail bond and citation was issued for him and his sureties, but the cause dismissed as to him and judgment obtained against the sureties alone, the bail bond being a several obligation, there was no error.

**7.—Same—Rehearing—Practice on Appeal.**

Where the questions raised in a scire facias proceeding had been ruled upon adversely to defendant in a companion case, they need not be again discussed in the motion for rehearing.  Davidson, Judge, dissenting.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Barry Miller.

Appeal from a judgment nisi making same final for the sum of $1000.  The opinion states the case.

*W. P. Ellison* and *Allen & Flanary* and *W. F. Ramsey* and *C. L. Black,* for appellant.—On question of proceedings on forfeited bail bond, the scire facias serving the purpose of both a petition and a citation:  Houston v. State, 13 Texas Crim. App., 560; McWhorter v. State, 14 id., 239; Goodin v. State, 14 id., 443; Arrington v. State, 13 id., 554.

On question of requisite of judgment nisi:  Holley v. State, 70 Texas Crim. Rep., 511, 157 S. W. Rep., 937; Moseley v. State, 37 Texas Crim. Rep., 18; Werbiski v. State, 20 Texas Crim. App., 132.

On question of date of judgment nisi and bond, and variance thereto:  Sloan v. State, 39 Texas Crim. Rep., 63; Mackey v. State, 38 id., 24; Butler v. State, 31 id., 63; Avant v. State, 33 id., 312, and cases last above cited.

On question of impossible date:  Wegner v. State, 28 Texas Crim. App., 419; Brown v. State, 28 id., 65, and cases last above cited.

On question of no date in bond:  Fentress v. State, 16 Texas Crim. App., 79.

On question of pleading in scire facias cases:  Holt v. State, 20 Texas Crim. App., 271; Bailey v. State, 26 id., 341; Morse v. State, 39 Texas Crim. Rep., 566; Jay v. State, 34 id., 98; Hollenbeck v. State, 40 id., 584; Savage v. State, 67 Texas Crim. Rep., 360, 148 S. W. Rep., 584.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a forfeiture of bail bond. The judgment nisi based upon the forfeited bond recites that Hodges and Lacy on the 27th of January, 1912, became sureties on the appearance bond of Jim Cornwall.  It further recites that the principal was to make his personal appearance before the Honorable Criminal District Court No. 2 of Dallas County, at the courthouse of said county, in the City of Dallas on the .......... day of ........, 191.., and there remain from day to day and term to term of said court, until discharged by due course of law, etc.   The scire facias recites that the principal entered into bond with the above named parties as sureties conditioned that he would make his personal appearance before the Criminal District Court No. 2 of Dallas County, to answer said indictment, and there to remain from day to day and from term to term of said court until legally discharged.  It will be noticed that the judgment nisi fixes an impossible date, towit: "On the .......... day of ........, 191..."

The scire facias recites that he entered into bond on 27th of January for his appearance before the Criminal District Court No. 2 of Dallas County, but it was not stated what time he was to appear. The scirc facias further recites that the bond was forfeited on the 31st day of January.

Various exceptions were urged to the pleadings, the judgment nisi as well as the scire facias, by demurrers and by bills of exception to the introduction of these matters in evidence. These exceptions are well taken. The judgment nisi must recite the time and place mentioned in the bond, and the scire facias, as a matter of fact, and as a matter of law, must follow the recitations of the judgment nisi. If the bond recited as does the judgment nisi, it would be a nullity. If it recited a different date, there would be a fatal variance. The exceptions to the judgment nisi should have been sustained, but the court overruled them. The judgment nisi could have been amended, but this was not done. It is a well and thoroughly settled rule that the judgment nisi and the scire facias serves the same office and mission as does a petition in a civil suit. The pleadings must notify the parties of the cause of action, and what they are called upon to answer. The authorities are very numerous in regard to these questions. As to impossible date, see Bullard v. State, 32 Texas Crim. Rep., 518; Mosely v. State, 37 Texas Crim. Rep., 18; Camp v. State, 39 Texas Crim. Rep., 143; Mills v. State, 36 Texas Crim. Rep., 71; Wegner v. State, 28 Texas Crim. App., 419; Sloan v. State, 39 Texas Crim. Rep., 63; Mackey v. State, 38 Texas Crim. Rep., 24; Butler v. State, 31 Texas Crim. Rep., 63.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

### RECALLING FORMER OPINION.

#### May 28, 1913.

HARPER, JUDGE.—At a former day of this term an opinion was handed down reversing and remanding this cause, but upon a fuller consideration of the matters involved, the court, on its own motion, ordered the mandate not to issue, and we have decided to withdraw the original opinion, as we have arrived at the conclusion that the judgment of the District Court should be affirmed. . Presiding Judge Davidson adheres to the original opinion rendered herein, but as the same questions are involved as in the companion case of Chas. Hodges et al. v. State, this day decided, on the authority of that case this case is affirmed.

The judgment nisi reciting "That Jim Cornwall, as principal, with appellants as sureties, did on the 27th day of June, 1912, enter into a bond payable to the State of Texas, in the penal sum of one thousand dollars, conditioned that the defendant, as principal, should well and truly make his personal appearance before the Honorable Criminal District Court No. 2, of Dallas County, Texas, at the courthouse of said county, in the City of Dallas, on the . . . . . . . . . . day of . . . . . . . ., 191. .,

and there remain from day to day and term to term of said court, until discharged by due course of law, then and there to answer the State of Texas upon a charge by indictment therein filed, accusing him of the offense of keeping and being interested in keeping certain premises and buildings for the purpose of being used for gaming," etc., it is contended that the judgment is fatally defective because the *date of appearance* of defendant is not recited in the judgment nisi. This is not a requisite of either the judgment nisi nor the citation on forfeited bail bond. Arts. 489, 490 and 491.

"On the .......... day of ........, 191.." is not stating an impossible date, but is equivalent to and in fact is stating no date, therefore, there is no variance between the date of appearance as stated in the bond, and as stated in the judgment nisi. The bond correctly states the date of appearance of defendant, as it is required to do so, and the fact that the judgment nisi states no date of appearance does not create a variance, as the judgment nisi is not required to state the date of *appearance,* but is only required to state the *date* of the *bond.* Art. 491, Code of Criminal Procedure.

It is not required by the Code that the judgment nisi shall define the offense with that definiteness that is required in an indictment or bail bond. There are but seven requisites of a citation in a forfeited case, and they are as follows: 1. It shall run in the name of the State of Texas. 2. It shall be directed to the sheriff or any constable of the county where the surety resides or is found. 3. It shall state the name of the principal in such recognizance or bail bond, and the name of the sureties. 4. It shall state the date of such bail bond or recognizance, and the offense with which the principal is charged. 5. It shall state that such recognizance or bail bond has been declared forfeited, naming the court before which the forfeiture was taken, the time when taken, and the amount for which it was taken against each party thereto. 6. It shall notify the party to appear at the next term of court and show cause why the forfeiture should not be made final. 7. It shall be signed officially and attested officially by the court or clerk issuing the same.

Each and every one of these requisites are fully complied with in the judgment nisi entered herein and the citation issued thereon, and this court has no authority to add other requisites thereto, nor is there any need or necessity for so doing.

The fact that the bond states that appellant stands charged with a "felony," and the judgment nisi and citation recite that he was by indictment "accused of the offense of keeping and being interested in keeping certain premises and buildings for the purpose of being used for gaming," would create no variance. A keeper of a gambling house is guilty of a felony in this State, and, as before stated, it is not required that the citation nor judgment nisi state the offense with that definiteness that is required in a bail bond or indictment. Our laws require that after forfeiture the case shall be docketed on the civil docket and shall be governed by the same rules governing other civil actions. (Art.

497, Code of Criminal Procedure.) And the definiteness required in a citation in a civil action is only that the cause of action be stated with sufficient definiteness as to apprise the defendants of the nature of the demand. (Art. 1852, Rev. Civ. Stats.)

Judgment nisi was taken against the principal in the bond, and citation was issued for him when it was issued for the sureties, but when the cause of action was called for trial, the cause was dismissed as to the principal, and trial had and judgment obtained against the sureties alone. This presents no error, as the bail bond is a several obligation. Gay v. State, 20 Texas, 504; General Bonding & Casualty Ins. Co. v. State, and authorities there cited, this day decided.

For the reasons above stated the judgment heretofore entered herein is set aside, the opinion withdrawn, and the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge.—The original opinion in this case was handed down December 4, 1912, the court being unanimous that the reversal was correct. Later the majority ordered mandate withheld. My brethren changed their views and affirm the companion cases and reverse the holding in this case and order it to be affirmed. I still think the original decision correct and this affirmance wrong. There are other questions upon which I may if time permits write.

### ON REHEARING.

#### January 28, 1914.

HARPER, Judge.—Every question raised by appellant is so fully discussed in the case of General Bonding and Casualty Co. v. State, in which the motion for rehearing is this day overruled, and in the companion case of Chas. Hodges et al. v. State, in an opinion by Judge Prendergast, to which we here refer, we do not deem it necessary to discuss them further.

The motion for rehearing is overruled.

*Overruled.*

Davidson, Judge, dissents. See General Bonding & Casualty Co. v. State, this day decided.