### Owen Saunders et al v. The State.

#### No. 5602. Decided January 14, 1920.

**Scire Facias—Judgment Final Citation—Service—Return.**

The statute requires the service of a *scire facias* upon the sureties in a forfeited bail bond in the same manner as is required for service of citations in civil actions, and a judgment by default will not be sustained unless the return shows service on each of the defendants in person, of a true copy of the writ, giving the date and place of service. Following: Harrymen v. State, 57 Texas Crim. Rep., 204, and other cases.

Appeal from the District Court of Cooke. Tried below before the Hon. C. R. Pearman, judge.

Appeal from a judgment final on a forfeited bail bond of the sum of five hundred dollars.

The opinion states the case.

*J. T. Adams,* for the appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Plaintiffs in error in this case, bring before us the action of the District Court of Cooke County, Texas, in rendering final judgment against them as the sureties upon the bail bond of one H. B. Porter.

Plaintiffs in error were sureties upon the bond of said Porter, and upon his failure to appear, judgment *nisi* was entered, and *scire facias* ordered for these plaintffs. The officer's return upon said *scire facias,* and upon which the judgment final seems to have been rendered, is insufficient. Said return is as follows:

"Came to hand the 20th day of January, 1919, at———o'clock—
———M, and executed March 29, 1919, by delivering to Dan Skeans
in person a true copy of this writ."

"(Signed) TOM FORD, Sheriff Cooke County, Texas."

It is apparent from an inspection of this return that the plain-
tiffs in error, who were companion sureties of Mr. Skeans, do not
appear therefrom to have been served. Our statute requires the
service of a *scire facias* upon the sureties in the same manner as is
required for service of citations in civil actions, and it has been held
by this Court that a judgment by default will not be sustained un-
less the return shows service on each of the defendants in person,
of a true copy of the writ, giving the date and place of service. Har-
ryman v. State, 57 Texas Crim. Rep., 204; Art. 492, Vernon's C.
C. P.

The judgment of the trial court against plaintiffs in error, George
A. Beck, Dan Skeans, and Owen Saunders, is reversed and remand-
ed for proper service, and a new trial.

*Reversed and remanded.*