**Edgar WILLIAMS et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 39346.**

Court of Criminal Appeals of Texas.

March 23, 1966.

Rehearing Denied May 18, 1966.

C. C. Divine, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

This is an appeal from a bond forfeiture.

Judgment Nisi was entered in Cause No. 89783 in Criminal District Court No. 3 of Harris County on November 15, 1963, reciting that Edgar Williams, charged by indictment in said cause, failed to appear according to the tenor and effect of his bond on file in said county; declaring the bond forfeited and ordering that the State of Texas recover of said Edgar Williams as principal, and C. C. Divine and H. G. Divine, the sureties on said bond, the sum of $500.

The sureties having answered, after hearing judgment was rendered on October 25, 1965, making the judgment nisi final.

Appeal was perfected to this Court from such final judgment of forfeiture.

The record reveals that the bond forfeited was signed, taken and approved by a deputy sheriff on December 6, 1959. It recites:

"The condition of the above obligation is such, that whereas, the above bound principal Edgar Williams has been arrested by C. V. Buster Kern, Sheriff of Harris County, Texas, on a charge of a felony, by virtue of a capias, issued to said Sheriff by R. J. Lindley, Clerk of the Criminal District Court No. —— of Harris County,"

and is further conditioned for his personal appearance "instanter at the present term of

the Criminal District Court No. —— of Harris County, Texas, now in session."

The bond bears the file mark of the District Clerk indicating that is was filed January 24, 1962.

The record further reflects that the indictment in Cause No. 89793 in which judgment nisi was entered was returned on December 11, 1959, which was some 5 days after the bond was entered into and approved, and bond was set at $1500.00.

In the absence of evidence sufficient to show that the bond forfeited was conditioned for Williams' appearance to answer to the felony offense charged in the case in which the bond was forfeited, the judgment forfeiting the bond cannot stand. Picaroni v. State, Tex.Cr.App., 364 S.W.2d 240.

Unlike Picaroni v. State, we are not here dealing with a bond for the appearance of the principal before a magistrate, which may under Art. 275a Vernon's Ann.C.C.P. become a valid obligation for his appearance to answer an indictment for the same offense in another court.

The state suggests that the bond forfeited was that granted and fixed by Justice of the Peace Ragan.

The bond does not so recite and the notations and stamps are not deemed sufficient to sustain the forfeiture on such theory.

In this connection we note that the bond was not filed in the District Court where it was forfeited until more than 2 years after it was signed and approved. The stamp on the indictment which, according to the testimony, referred to a case number in Justice of the Peace Ragan's Court, is dated December 11, 1959, which was several days after the indictment in the case in which the bond was forfeited was presented.

The indictment was presented and filed in Criminal District Court No. 5 of Harris County and the bond was conditioned for Williams' appearance in Criminal District Court No. —— of said county.

There is no showing that a capias had not been issued for appellant's arrest for another felony charged by indictment pending in Criminal District Court of Harris County.

The forfeiture was in Criminal District Court No. 3 of Harris County. There is nothing to show that the case against Williams was ever in Criminal District Court of Harris County and no sufficient showing that the offense for which Williams was in custody when the bond was entered into was that for which he was indicted.

The judgment is reversed and the cause remanded.