**JOE'S BONDING COMPANY et al.,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45405.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Ronald H. Hill, Jr., John M. Anderson, Fort Worth, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal by Joe Bob Plumlee and Eddie Kidd, d/b/a Joe's Bonding Company from judgment entered in the 43rd District Court forfeiting a bail bond.

. On November 30, 1971 a judgment nisi was entered forfeiting the $1500 bail bond. After citation (scire facias) had issued and been served upon Joe Bob Plumlee and Eddie Kidd and they had answered, the court conducted a hearing on January 3, 1972 to determine whether the judgment nisi should be made final. After such hearing the court entered final judgment.

At the outset appellant contends the court erred in rendering final judgment in the case in that said "judgment fails to dispose of the alleged principal on the bond in question, Jerry Mack Malcolm, a necessary party."

The judgment entered on January 3, 1972, is made final only as to "Joe's Bonding Company and/or Joe Bob Plumlee and/or Eddie Kidd." No disposition is made as to the principal.

Article 22.14, Vernon's Ann.C.C.P., requires that a judgment shall be made final against the principal and his sureties.

In 8 Tex.Jur.2d, Bail and Recognizance, Sec. 87, p. 212, it is written:

"A final judgment must be rendered as to the sureties and the principal. The whole matter in controversy must be finally disposed of as to all parties."

In Brown v. State, 40 Tex. 49, the final judgment was held erroneous because it was rendered against one surety without rendition of judgment as to the principal and in Pennebaker v. State, 117 Tex.Cr.R. 16, 36 S.W.2d 156 (1931) Judge Christian wrote:

"The record discloses that judgment nisi was rendered against Grace Roberts, principal, and T. S. Pennebaker and R. R. Roberts, sureties. Upon final hearing, judgment was rendered against the sureties. No disposition of the case was made as to Grace Roberts, the principal, and the judgment was not made final as to said principal. Hence this court is without jurisdiction."

Our State's Attorney has confessed error and we agree. The judgment must be reversed.

We note further, as contended by the appellant, that the judgment nisi, the citation (scire facias) and final judgment are all silent as to one of the sureties on the bond, Jackie Malcolm.

In 8 Tex.Jur.2d, Bail and Recognizance, Sec. 65, p. 191, it is written:

"The names of all parties to an undertaking are an essential part of the judgment nisi, the judgment must be rendered against the principal as well as against the sureties. A failure to name all the obligors in the judgment nisi is reversible error."

See Douglas, et al. v. State, 26 Tex.Cr.R. 122, 9 S.W. 733, and Fitzgerald v. State, 88 Tex.Cr.R. 268, 225 S.W. 1096.

Still further, the evidence offered is insufficient to show that indictment returned against the principal was for the same offense that was charged against him in the Justice of the Peace Court where the bond forfeited was given. This would also call for reversal. See Picaroni v. State, 364 S.W.2d 240 (Tex.Cr.App.1963) and Williams v. State, 402 S.W.2d 165 (Tex.Cr. App.1966).

For the reasons stated, the judgment is reversed and the cause remanded.