**Frank SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53915.**

Court of Criminal Appeals of Texas.

March 23, 1977.

Stephen M. Orr, Austin, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This is an appeal from a final judgment forfeiting a bail bond.

We must reverse this forfeiture because there is no judgment nisi to support the final judgment. The record contains a

judgment nisi entered in the 147th District Court of Travis County. It states that the principal failed to appear in that court on September 15, 1975.

The final judgment, however, was entered by the 167th District Court of Travis County. It states that no sufficient cause was demonstrated by the principal for his failure to appear in "this court" on September 15, 1975. There is, however, no judgment nisi in the record stating that the principal failed to appear in the 167th District Court on September 15, 1975.[1]

The recitations of the final judgment are not supported by the judgment nisi. The situation before us is similar to that confronted in *Bonds v. State,* 162 Tex.Cr.R. 419, 286 S.W.2d 313. There, we observed:

"The variance between the judgment nisi and the scire facias (citation) is apparent, because the bond was conditioned that the principal make his appearance in one court, while the judgment nisi recites that the principal was to appear in a court other than and different from that named in the bond, and the scire facias (citation) recites that the principal was to appear in a court different from that named in the judgment nisi. Such variance is fatal to a judgment making final the judgment nisi."

In the case at bar, the judgment nisi and the final judgment are in variance with regard to the court in which the principal failed to appear. The final judgment is not supported by the allegations of the judgment nisi. Appellant's contention must be sustained.

The judgment is reversed and the cause remanded.

---

1. The docket sheet establishes that the principal's cause was transferred from the 147th District Court to the 167th District Court on July

29, 1975, long before the principal defaulted on the bond.