Michael W. GEORGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 60005.

Court of Criminal Appeals of Texas, Panel No. 1.

June 27, 1979.

Rehearing Denied Nov. 28, 1979.

Michael W. George, William L. Smith, Jr., Denton, for appellant.

Jerry Cobb, Dist. Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a final judgment forfeiting a bail bond.

Among other contentions advanced appellant contends that the evidence and the judgment nisi will not support the final judgment.

The principal, Steven Parrish, was indicted for aggravated rape and appellant is a surety on a $15,000 bail bond posted by Parrish.

The final judgment was entered by the 158th District Court of Denton County. It states that no sufficient cause is shown why the principal did not appear "in this court" on the 15th of May, 1978.

The testimony of Sandra Smith, an employee in the Clerk's office, reflects the indictment was returned in the 211th District Court of Denton County where the Honorable Sam Houston is presiding judge. No order appears in the record transferring the case to the 158th District Court which is presided over by the Honorable Robert Scofield. On the contrary, the testimony of Chief Felony Prosecutor Fred Marsh reflects the following:

"On the 15th day of May, 1978, the case of Steven Allan Parrish, charged with aggravated rape, Cause No. 14,775–C was called on the docket of the District Judge, Sam Houston, for trial . . . There was a delay for the attorney for the defendant to get his client to the Courtroom, and when his client did not appear

for trial, Judge Houston ordered his name called at the doors of the Courthouse, and the instruction was delivered for his name to be called at the doors of the Courthouse . . ., and that was done, and the Judge ordered a judgment nisi to issue for Mr. Parrish for failure to appear for trial."

The testimony of Marsh further reflects that the indictment was returned in "Judge Houston's Court."

The record contains a judgment nisi which shows to have been entered in the "Judicial District Court of Denton County" without stating in which court it was entered. The judgment bears the signature of the Honorable W. C. Boyd, presiding judge of the 16th District Court of Denton County. The court's docket sheet is not in the record before us. While the judgment nisi is silent as to which court in which it was taken, the pleadings of the appellant show to have been filed in the 16th District Court.

■ Clearly, any of the judges of the district courts of Denton County have jurisdiction to sit in any district court of the county, and may hear and determine any part of any case or proceeding pending in any of the district courts in the county. *Collins v. Miller,* Tex.Civ.App., 443 S.W.2d 298; *Mullins v. Mullins,* Tex.Civ.App., 300 S.W.2d 133; *Peach v. State,* Tex.Cr.App., 498 S.W.2d 192. This is not the problem which confronts us.

In *Smith v. State,* Tex.Cr.App., 548 S.W.2d 407, a judgment nisi entered in the 147th District Court of Travis County stated that appellant failed to appear in that court on September 15, 1975. The final judgment was entered in the 167th District Court of Travis County and recited that no sufficient cause was demonstrated by the principal for his failure to appear "in this court." In reversing, this Court held that the recitations of the final judgment were not supported by the judgment nisi in that they are in variance with regard to the court in which the principal failed to appear. See *Bonds v. State,* 162 Tex.Cr.R. 419, 286 S.W.2d 313; *Smith v. State,* Tex. Cr.App., 567 S.W.2d 10.

■ In the instant case the testimony at the hearing on the final judgment reflects that the indictment was returned in the 211th District Court, the bond was set by the Judge thereof, the case was called in that court, and upon failure of the principal to appear the Judge of the 211th District Court ordered a judgment nisi to issue. While Judge Boyd did not lack the authority to sign the judgment nisi, the judgment does not reflect in which court it was taken or in which court the principal was to appear. The final judgment shows to have here been taken in the 158th District Court, is signed by the judge presiding of that court, and recites that the principal did not appear "in this court." Thus, neither the evidence nor the judgment nisi supports the final judgment.

The judgment is reversed and the cause remanded.

### OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a final judgment forfeiting a bail bond. On original submission we held the judgment must be reversed because neither the evidence nor the judgment nisi supports the final judgment.

In the State's motion for rehearing it is urged that Article 44.24(b), V.A.C.C.P. authorizes this Court to reform and correct the judgment of the trial court, and that the judgment in the instant case should be affirmed under the authority of that statute. We disagree for two reasons.

■ The first reason for rejecting the State's contention is that Article 44.24(b) is not applicable to appeals of bond forfeitures. Article 44.44, V.A.C.C.P., provides that in cases of bond forfeitures, "the proceeding shall be regulated by the same rules that govern civil actions where an appeal is taken or a writ of error sued out." *Salazar v. State,* Tex.Cr.App., 486 S.W.2d 323.

■ Secondly, under the applicable Rule of Civil Procedure, this judgment must be reversed. Rule 434, T.R.C.P., provides:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court should have rendered, *except when it is necessary that some matter of fact be ascertained* or the damage to be assessed or the matter to be decreed is uncertain, *in either of which cases the cause shall be remanded for a new trial.*" (Emphasis added.)

In the present case the cause must be remanded because it is necessary that some matter of fact be ascertained, without a record of which we may not correct the judgment. The final judgment of forfeiture, entered in the 158th Judicial District Court, recites that "no sufficient cause is shown why the defendant Steven Allan Parrish did not appear *in this court* on the 15th day of May, 1978 . . ." (Emphasis added.) This recitation in the judgment is the only finding of fact by the trial judge as to which district court there was a failure to appear in and a forfeiture taken. Without a recitation elsewhere in the record of a specific finding, that the principal failed to appear as alleged in the pleading, and evidence to support such a finding, there is no factual basis for the position, contended for by the State, that the judgment recital that the principal failed to appear "in this court," the 158th District Court, was a mere drafting error subject to reformation by this Court. In civil cases regulated by Rule 434, T.R.C.P., modification of the judgment by the reviewing court may be made where it *appears on the face of the record* that modification should be made. *Carter v. Barclay,* 476 S.W.2d 909, 918 (Tex.Civ.App.—Amarillo, 1972, no writ). We cannot supply that which is not in the record. As on original submission, we hold that the evidence and the judgment nisi are at fatal variance with the final judgment entered on the forfeiture. See *Smith v. State,* Tex.Cr.App., 548 S.W.2d 407, 408.

The State's motion for rehearing is overruled.