ORR V. STATE 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-275-CV





STEVE ORR,




 APPELLANT


vs.





STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 411,325, HONORABLE JON N. WISSER, JUDGE 



 




 This is a bond-forfeiture case. Steve Orr, appellant, was the surety on a $50,000
bail bond posted on behalf of Louis Andrews, Jr., who was charged with aggravated possession
of heroin. Andrews failed to appear for trial on the offense, whereupon the trial court entered a
judgment nisi against both Orr and Andrews. After a subsequent trial on the bond-forfeiture
issue, in which Orr entered an appearance but Andrews did not, the trial court rendered a final
judgment holding Orr liable on the bond and nonsuiting Andrews. Orr perfected this appeal. In
four points of error, Orr (1) challenges the legal and factual sufficiency of the evidence to support
the trial court's judgment; (2) argues that the trial court abused its discretion in rendering
judgment against him because there were fatal variances between the bond and the judgment nisi;
and (3) argues that the trial court erred in nonsuiting Andrews. We will affirm.



BACKGROUND


 In Complaint No. 86-MC-0968, filed in June 1986 in the Municipal Court of the
City of Austin, Louis Andrews, Jr. was accused of aggravated possession of heroin. Bond was
set at $50,000. Thereafter, on June 18, 1986, Steve Orr, as surety, posted a $50,000 bond on
behalf of Andrews. The bond provided that Andrews was to appear "before the 147th Judicial
District Court of Travis County, Texas or before such Judicial District Court to which this cause
has or may be transferred as provided by law." Subsequently, in July or August of 1986, a grand
jury indicted Andrews for the same offense: aggravated possession of heroin. The cause,
docketed as Cause No. 83,286, was set for October 27, 1986, in the 299th Judicial District Court
of Travis County, Texas. Andrews failed to appear in the designated court on that date;
accordingly, a judgment nisi was rendered against both Orr and Andrews in the 299th District
Court, that they forfeit the $50,000 bond.

 Following the judgment nisi, the State instituted a civil proceeding, Cause No.
411,325, for the purpose of finalizing the judgment. A trial was held on October 19, 1990, in the
299th District Court. Orr appeared for trial; Andrews did not. The trial court took judicial notice
of the court files in both Cause Nos. 411,325 and 83,286, as well as the docket sheet in Cause
No. 83,286. Orr made no objections and offered no evidence. The trial court then rendered
judgment holding Orr liable on the bond and nonsuiting Andrews.


STANDARD OF REVIEW


 In his first and second points of error, Orr challenges the legal and factual
sufficiency of the evidence to support the trial court's judgment. In addressing Orr's legal-sufficiency point, we must consider only the evidence and the inferences tending to support the
challenged finding and disregard all evidence and inferences to the contrary. Alm v. Aluminum
Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965). In addressing Orr's factual-sufficiency point, we must, after considering all the evidence,
determine whether the evidence supporting the finding is so weak or the answer so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661-62 (Tex. 1951).

 In his third point of error, Orr asserts that the trial court abused its discretion. In
order to sustain this point, we must conclude that the trial court acted in an unreasonable or
arbitrary manner; in other words, the trial court must have acted without reference to any guiding
rules and principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).



DISCUSSION


 We begin our analysis with a brief discussion of the bond-forfeiture process. The
Code of Criminal Procedure provides:



[w]hen a defendant is bound by bail to appear and fails to appear in any court in
which such case may be pending and at any time when his personal appearance is
required under this Code, or by any court or magistrate, a forfeiture of his bail and
a judicial declaration of such forfeiture shall be taken in the manner provided in
Article 22.02 of this Code and entered by such court.



Tex. Code Crim. Proc. Ann. art. 22.01 (1989). Article 22.02 provides:



[t]he name of the defendant shall be called distinctly at the courthouse door, and
if the defendant does not appear within a reasonable time after such call is made,
judgment shall be entered that the State of Texas recover of the defendant the
amount of money in which he is bound, and of his sureties, if any, the amount of
money in which they are respectively bound, which judgment shall state that the
same will be made final, unless good cause be shown why the defendant did not
appear.



Tex. Code Crim. Proc. Ann. art. 22.02 (1989). This judgment against the principal and sureties
forfeiting the bail bond is known as a "judgment nisi."

 A judgment nisi, however, is not a final judgment forfeiting the bond; rather, it is
in the nature of an interlocutory judgment. Hokr v. State, 545 S.W.2d 463, 465 (Tex. Crim.
App. 1977). Once a judgment nisi has been rendered, the State must institute a civil proceeding
against the principal and sureties in order to obtain a final judgment forfeiting the bail bond. The
civil proceeding is governed by the same rules governing other civil suits. Tex. Code Crim. Proc.
Ann. art. 22.10 (1989). In order to institute the civil proceeding, the State must serve on the bond sureties a citation, along with a copy of the judgment nisi, notifying the sureties
that the bond has been forfeited and instructing them to appear and show cause why the judgment
nisi should not be made final. It is not necessary, however, to give notice to the principal on the
bond (i.e., the criminal defendant) unless he has furnished his address on the bond, in which event
notice to the principal shall be deposited in the mail directed to the principal at the address shown
on the bond. Tex. Code Crim. Proc. Ann. arts. 22.03, 22.04, 22.05 (1989). Once duly served
with citation, the sureties on the bond may then file an answer within the time allowed for filing
an answer in other civil actions. Tex. Code Crim. Proc. Ann. art. 22.11 (1989).

 In order to carry its burden of proof at trial, the State must establish: (1) the
existence of a bond requiring the principal to appear before a court to answer a particular charge;
and (2) the existence of a judgment nisi, entered by the court before which the bond required the
principal to appear, evidencing that the principal failed to appear at the required time and that the
requirements of article 22.02 of the Code of Criminal Procedure were complied with. Tocher v.
State, 517 S.W.2d 299, 300 (Tex. Crim. App. 1975); Serrano v. State, 804 S.W.2d 543, 544
(Tex. App. 1991, no pet.). Once the State has provided the court with evidence of such a bond
and judgment nisi, the burden of proof shifts to the principal and sureties on the bond:



A judgment nisi is prima facie proof that the statutory requirements have been
satisfied and the burden is on the defendant to affirmatively show otherwise. It is
well settled that the State's case in a bond forfeiture proceeding consists of the
bond and the judicial declaration of the forfeiture of the bond, which is the
judgment nisi. . . . Once this has been established, the defendant [the principal
and sureties on the bond] must then prove that one of the elements has not been
complied with.



Tocher, 517 S.W.2d at 301 (citations omitted). Therefore, if the State carries its burden of proof
by presenting the trial court with a bond and a judgment nisi supported by that bond, the trial
court must render a final judgment forfeiting the bond unless the principal and sureties are able
to show cause why the judgment nisi should not be made final. Tex. Code Crim. Proc. Ann. art.
22.14 (1989).


THE PRESENT CASE


 In the present case, the State obtained a judgment nisi against Orr on a $50,000
bond. The State thereafter instituted a civil proceeding to finalize the judgment nisi forfeiting the
bond. In response to the citation, Orr filed a general denial. At the subsequent trial, wherein Orr
made an appearance but Andrews did not, the State requested that the trial court take judicial
notice of the court's own files in the criminal case wherein the judgment nisi was rendered, Cause
No. 83,286, and the present civil case, Cause No. 411,325. These files contained, among other
things, the bond on which the State was suing and the judgment nisi forfeiting the bond. This was
the only evidence presented to the trial court; Orr presented no evidence and made no objections. 
Based on that record, the trial court rendered a final judgment holding Orr liable on the bond and
nonsuiting Andrews.

 Orr did not attempt to show good cause why Andrews did not appear, nor did he
attempt to show that the State failed to comply with article 22.02 of the Code of Criminal
Procedure. Instead, Orr argues on appeal that the State failed to carry its initial burden of proof
at trial, i.e, failed to establish the existence of a valid bond and a judgment nisi supported by the
bond. Specifically, Orr argues that there is legally and factually insufficient evidence to show that
(1) the court before which the bond in question required Andrews to appear was the same court
that rendered the judgment nisi; and (2) the bond on which the State sued pertained to the same
offense for which the principal failed to appear on the required date. (1)



1. 147th versus 299th Judicial District Court

 Orr asserts that there is a fatal variance between the bond and the judgment nisi and
that, as a result, the bond does not support the judgment nisi. He points to the language in the
bond requiring Andrews to appear in the 147th Judicial District Court, whereas the judgment nisi
provides that Andrews failed to appear in the 299th Judicial District Court. We agree that such
a variance, if it existed, could be fatal. See, e.g., George v. State, 589 S.W.2d 428 (Tex. Crim.
App. 1979); Smith v. State, 548 S.W.2d 407 (Tex. Crim. App. 1977). However, Orr ignores
certain critical language in the bond. As quoted above, the bond provided that Andrews was to
appear before the 147th Judicial District Court "or before such Judicial District Court to which
this cause has or may be transferred as provided by law . . . ." The critical question, therefore,
is whether there is sufficient evidence in the record to show that Andrews's case was transferred
from the 147th to the 299th Judicial District Court before the date the judgment nisi was rendered.

 Having reviewed the record, we conclude that there is sufficient evidence that
Andrews's case was "transferred" to the 299th District Court. The bond in question recited that
Andrews had been charged with aggravated possession of heroin in Complaint No. 86-MC-0968. 
The grand-jury indictment, filed in the 299th District Court, charged Andrews with aggravated
possession of heroin, just as Complaint No. 86-MC-0968 had. Further, noted at the top of the
indictment was the same complaint number: "86-MC-0968." Finally, approximately two months
before the judgment nisi was rendered, Orr, as surety on the bond, filed a motion to "surrender"
the principal, i.e., to have Andrews re-arrested. That motion was filed in the 299th District
Court. Thus, Orr himself demonstrated an awareness that Andrews's case was pending in the
299th District Court before the judgment nisi was rendered by that court.

 Based on our discussion above, we conclude that there is sufficient evidence to
show that Andrews's case was transferred from the 147th District Court to the 299th. The bond
provided that Andrews was to appear before the 147th or any other district court to which the case
was lawfully transferred. Thus, we conclude that no fatal variance exists between the court
designated in the bond and the court designated in the judgment nisi.



2. Indictment versus Complaint

 Orr also argues that the evidence is insufficient to show that the indictment returned
against Andrews was for the same offense alleged against Andrews in municipal court in
Complaint No. 86-MC-0968. Therefore, Orr asserts, there is insufficient evidence to show that
the bond on which the State is suing pertains to the same offense that he failed to answer in the
299th. For the reasons discussed in the preceding section, this argument is without merit.



3. Nonsuit

 In his fourth point of error, Orr argues that the trial court erred in nonsuiting
Andrews because the principal is a necessary and indispensable party to any suit and judgment on
a bond. We disagree.

 First, Orr failed to object to the nonsuit in the trial court. Therefore, he waived
any error. Tex. R. App. P. 52(a).

 Moreover, even if he had preserved his complaint on the nonsuit issue, Orr failed
to establish that the trial court acted improperly. Orr cites Tex. R. Civ. P. 31 and Tex. Civ.
Prac. & Rem. Code Ann. § 17.001 (1986) for the proposition that a judgment may not be
rendered against a party not primarily liable unless judgment is also rendered against the principal
obligor. While this may be the general rule, a surety may nonetheless be sued without suing the
principal if the principal "resides in a place that is unknown and cannot be ascertained by the use
of reasonable diligence." § 17.001(b)(2).

 Several factors combine to raise a reasonable inference that Andrews was a fugitive
from the law at the time the final judgment in this cause was rendered: Orr's motion that
Andrews be re-arrested; Andrews's failure to appear at his criminal trial; the judgment nisi;
Andrews's failure to appear at the civil trial making the judgment nisi final; and the still-outstanding arrest warrant. Thus, we conclude that the record contains sufficient evidence to
indicate that Andrews resided in an unknown place that could not be ascertained by the use of
reasonable diligence. Accordingly, the trial court did not err in nonsuiting Andrews while holding
Orr liable on the bond. See General Bonding & Casualty Ins. Co. v. State, 165 S.W. 615, 617
(Tex. Crim. App. 1913) (holding that it was not error to dismiss the principal in a bond-forfeiture
case when the principal was a fugitive from the law); Hodges v. State, 165 S.W. 613, 614 (Tex.
Crim. App. 1913).

 Orr also relies on Smith v. State, 529 S.W.2d 549 (Tex. Crim. App. 1975); Joe's
Bonding Co. v. State, 481 S.W.2d 145 (Tex. Crim. App. 1972); Saunders v. State, 217 S.W. 949
(Tex. Crim. App. 1920); and Brown v. State, 40 Tex. 49 (1874), as well as Tex. Code Crim.
Proc. Ann. art. 22.14 (1989). Orr's reliance on these authorities is misplaced. They merely stand
for the proposition that the final judgment in a bond-forfeiture case must dispose of all parties to
the suit, including the principal. In the present case, the final judgment did make a final
disposition as to the principal on the bond -- he was nonsuited.



CONCLUSION


 We conclude that the record contains legally and facually sufficient evidence to
support the trial court's final judgment. We also conclude that the trial court did not act
arbitrarily or unreasonably in rendering judgment holding Orr liable on the bond and nonsuiting
Andrews. Therefore, we overrule Orr's four points of error and affirm the judgment of the trial
court.



 

 J. Woodfin Jones, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 22, 1992

[Do Not Publish]

1. Before addressing Orr's arguments, we note that the State specifically requested the trial
court to take judicial notice of its own records, including the bond and judgment nisi contained
therein. It is well settled that a trial court may take judicial notice of its own files in a
proceeding. See Hokr, 545 S.W.2d at 466 (holding that the trial court may take judicial notice
of the judgment nisi); see also Deckard v. State, 608 S.W.2d 675, 676 (Tex. Crim. App.
1980) (holding that it was not necessary for the State to attach the bond and judgment nisi to a
motion for summary judgment because the documents were already a part of the trial court's
record in the case). Further, Orr made no objection to the trial court's taking judicial notice
of the files, and both the State and Orr, as well as the trial court, have treated the documents
contained in those files as evidence. See Ex parte Reagan, 549 S.W.2d 204, 205 (Tex. Crim.
App. 1977); Killion v. State, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973). Finally, Orr
does not complain on appeal of the inclusion of the bond and judgment nisi as part of the
appellate record. We conclude that the trial court properly considered the bond and judgment
nisi as part of the evidence.