**Reynaldo ROSAS, d/b/a Centro Gamez Bail Bond, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–97–0207–CV.**

Court of Appeals of Texas, Amarillo.

Nov. 26, 1997.

The Prentice Law Firm, Hale Center, (Jim English, Assistant Criminal District Attorney), for appellee.

Roland Saul, Criminal District Attorney, Hereford, (Jim English, Assistant Criminal District Attorney), for appellee.

Before BOYD, C.J., REAVIS, J., and REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Retired).

Reynaldo Rosas, d/b/a Centro Gamez Bail Bond, the surety on an appearance bond, complains of the trial court's rendition of a final judgment of liability on the bond when the principal was dismissed from the cause. We will affirm.

Irene Galan, aka Irene Medina, as principal, and Rosas, d/b/a Centro Gamez Bail Bond (Rosas), as surety, executed a $5,000 bond to secure the appearance of Galan in the district court to answer a charge of tampering with government records. Subsequently, when the cause was called for trial, Galan failed to appear, and judgment nisi was properly rendered, decreeing the State's entitlement to forfeiture of the bond and recovery of the amount of the bond from Galan and Rosas. Tex.Code Crim. Proc. Ann. § 22.02 (Vernon 1989); *State v. Sellers*, 790 S.W.2d 316, 320 (Tex.Cr.App.1990).

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Notice of the conditional judgment nisi was effected by service of citation on Rosas, but Galan was not located and was not served. After a hearing attended by Rosas, the only obligor on the bond appearing, a judgment, styled "FINAL JUDGMENT," was rendered and signed on 10 April 1997, decreeing Rosas's liability as surety on the bond. Later, the State moved to dismiss, and on 11 June 1997 the trial court signed an order dismissing, Galan from the cause.

Rosas submits that to decide the appeal, we must determine whether it is proper to dismiss the principal in a matter based on a judgment nisi and seek a final judgment only against the surety. He contends that the trial court erred in rendering the "APRIL 10, 1997 FINAL JUDGMENT" in the absence of "IRENE MEDINA," the principal and an indispensable party. As support, he relies upon the holdings in *Joe's Bonding Company v. State*, 481 S.W.2d 145 (Tex.Cr. App.1972), and *Murray v. State*, 832 S.W.2d 444 (Tex.App.—Beaumont 1992, no pet'n).

 Parenthetically, we observe that although a bond forfeiture proceeding is a criminal matter, the civil rules shall govern all proceedings following judgment nisi. *State v. Sellers*, 790 S.W.2d at 321. In this light, the April 10 judgment, albeit entitled a final judgment, was only an interlocutory, unappealable judgment since no disposition was made of the principal Galan, a party defendant in the cause. *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). However, when the court signed the order dismissing Galan from the cause on 11 June 1997, all parties and issues were disposed of, and on that day the judgment against Rosas became final and appealable. *H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex.1963). It is a venerable principle that there is no error in adjudging a surety liable on an appearance bond when the State has dismissed the principal cognizor from the proceeding. *Gay v. State*, 20 Tex. 504, 508 (1857).

The finality of the judgment as to all parties in this cause distinguishes it from the judgments rendered in *Joe's Bonding Company* and *Murray*, which were only interlocutory because no disposition was made of the principal in the "final" judgment rendered by each court. Moreover, the criteria articulated in *Joe's Bonding Company* for a final judgment were met by the judgment rendered in this cause, because it was "rendered as to the suret[y] and the principal," and "[t]he whole matter in controversy" was "finally disposed of as to all parties." 481 S.W.2d at 146.

It follows that the trial court did not err in rendering the April 10 judgment against Rosas in the absence of the principle Galan, nor in later dismissing Galan from the proceedings so as to make the judgment final against Rosas on June 11. Rosas's point of error is overruled.

The judgment is affirmed.