NUMBER 13-99-141-CV
 
 
COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI





____________________________________________________________________


ALEX R. HERNANDEZ, DOING

BUSINESS AS HERNANDEZ BONDING

COMPANY AND DANIEL SALAZAR

MARTINEZ, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


AND



NUMBER 13-99-142-CV


____________________________________________________________________


ALEX R. HERNANDEZ, DOING

BUSINESS AS HERNANDEZ BONDING

COMPANY AND ADAN FLORES, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________

____________________________________________________________________


On appeal from the 24th District Court 


of Refugio County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Yañez


 Appellants, Alex R. Hernandez, d/b/a Hernandez Bonding Company
("Hernandez"), Daniel Salazar Martinez and Adan Floriano bring this
appeal to challenge the trial court's judgments ordering forfeiture of
Martinez and Floriano's bail bonds.(1) Because the issues and facts in
each case are identical, we will address the appeals with one opinion. 
We reverse and remand.

 Martinez was indicted for possession of marijuana, more than five
pounds, less than fifty pounds, and was released upon posting a bond
set at $50,000. In a case unrelated to Martinez's case, Floriano was
indicted for failing to appear, with a bond of $25,000. Hernandez was
the surety on both bonds. Neither Martinez nor Floriano appeared on
their appointed court dates, and separate judgments nisi, declaring
forfeiture, were issued against them, both of which also listed
Hernandez as defendant. On December 21, 1998, the trial court held
hearings to determine whether Martinez and Floriano had just cause for
failing to appear on their respective trial dates. Following the hearings,
at which Martinez and Floriano failed to appear, the court rendered
final judgments, ordering that the State recover the value of the bonds,
plus costs of suit and post-judgment interest.

 The appellants challenge the judgments in each cause with three
issues. With their first issue, appellants argue that a judgment on a
bond forfeiture may not include post-judgment interest. The State
concedes this point.

 We agree that the trial court erred in awarding post-judgment
interest. This issue has been addressed by the Dallas Court of Appeals. 
Bailout Bonding Co. v. State, 797 S.W.2d 275, 277-278 (Tex. App.--Dallas 1990, pet. ref'd). The Dallas Court noted that a "penal judgment,
that is, a judgment in the nature of a fine, must not exceed the penal
sum fixed by the bond." Id. "A judgment on such a bond is in the
nature of punishment." Id. at 278. (quoting Magless v. State, 112 Tex.
Crim. 646, 18 S.W.2d 669, 670 (1929)). The "sum recoverable for
noncompliance with the conditions of a bail bond is a penalty." 
Magless, 18 S.W.2d at 670. Awarding interest on a bail bond would
result in the forfeiting party being required to pay an amount in excess
of the penalty set by the bond. The award of post-judgment interest
was error. Issue number one is sustained. 

 Appellants' argue, in their second issue, that there is a fatal
variance between the judgments nisi and the final judgments. The
judgments nisi and the final judgments are at variance. In order to
justify reversal, a variance between a judgment nisi and a final
judgment must amount to a fatal variance. Smith v. State, 548 S.W.2d
407, 408 (Tex. Crim. App. 1977); See also, Blaine v. State, 494 S.W.2d
916, 918 (Tex. Crim. App. 1973); Mackintosh v. State, 845 S.W.2d 361,
362-63 (Tex. App.--Houston [1st Dist.] 1992, no pet.).

 In Martinez's case, the judgment nisi was issued by the 267th
district court of Refugio County. The final judgment was entered in the
24th district court, and states that Martinez failed to appear and show
cause for failing to appear "in this court," and this failure resulted in a
judgment nisi being issued. In Floriano's case, the judgment nisi was
issued by the 135th district court. The final judgment was entered by
the 24th district court, and again states that the principal failed to
appear and show cause for failing to appear "in this court," and this
failure to appear resulted in a judgment nisi being issued. This situation
has been addressed by the court of criminal appeals, which has held
such variances to be fatal. 

 In Smith v. State, the judgment nisi stated that the principal failed
to appear in the 147th District Court of Travis County, however, the
final judgment was entered by the 167th District Court, and stated that
the defendant did not demonstrate just cause for failing to appear in
"this court." Smith, 548 S.W.2d at 408. The court of criminal appeals
found that the final judgment was not supported by the allegations of
judgment nisi because of the variance in regard to the court in which
the defendant failed to appear. Id. The facts in George v. State were
similar to those in Smith. See George v. State, 589 S.W.2d 428 (Tex.
Crim App. [Panel Op.] 1979). In George, the defendant failed to appear
before the 211th District Court, which issued a judgment nisi. George,
589 S.W.2d at 430. The final judgment was taken in the 158th District
Court, and stated that the defendant failed to appear "in this court." Id. 
Again, the court of criminal appeals reversed and remanded, stating
that the judgment nisi did not support the final judgment. Id. 

 In the instant case, the principals failed to appear in, and the
judgments nisi were issued by, the 135th and 267th district courts, but
the final judgments, issued by the 24th district court, state that the
principals failed to appear "in this court." There is a fatal variance
between the judgments nisi and the final judgments. See Smith, 548
S.W.2d at 408. Issue number two is sustained. Because these issues
are dispositive, we do not address appellants' third issue. Tex. R. App.
P. 47.1

 These judgments of the trial courts are REVERSED and
REMANDED for further proceedings consistent with this opinion. 


 ____________________________________

 LINDA REYNA YAÑEZ

 Justice



Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.

1. Martinez is an appellant in cause number 13-99-141-CV, Floriano
in cause numbers 13-99-142-CV.