### H. B. Granberry et al. v. The State.

#### No. 4490. Decided February 17, 1909.

**Scire Facias—Bail Bond—Judgment Nisi—Variance—Name of Court.**

Where upon trial of scire facias proceedings, the bail bond offered in evidence upon which the judgment nisi was based, did not state before which particular district court the principal was bound to appear (there being two district courts in said county having concurrent jurisdiction over the offense with which the principal was charged at the time the bond was given) the said bail bond was defective, and not admissible in evidence under the allegations in the writ of scire facias that the judgment nisi was rendered in one of said district courts, describing the same. Ramsey, Judge, dissenting.

Appeal from the District Court of Travis. Tried below before the Hon. V. L. Brooks.

Appeal from judgment final upon writ of scire facias based upon an appearance bond of $500 against the principal and the sureties.

The opinion states the case.

*Cochran & Penn,* for appellant.—Cited, Wallen v. State, 18 Texas Crim. App., 414; Turner v. State, 14 Texas Crim. App., 168; Cryer v. State, 36 Texas Crim. Rep., 621; Marshall v. State, 44 Texas Crim. Rep., 273; 70 S. W. Rep., 550; Heinen v. State, 74 S. W. Rep., 776, and cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This is a scire facias proceeding instituted in the District Court of Travis County, Texas, 26th judicial district, to make a final judgment nisi rendered by said court on November 6, 1905, against J. P. Hamer as principal, and H. B. Granberry and S. C. Granberry, appellants herein, as his sureties upon a bail bond of the said J. P. Hamer.

The trial was had in the District Court of Travis County, 26th judicial district, April 10, 1907, resulting in the dismissal of the proceedings as against the defendant, J. P. Hamer, and the rendition of judgment in favor of the State and against the appellants, H. B. Granberry and S. C. Granberry, for the sum of five hundred dollars and cost.

The first assignment of error complains that the court erred in rendering judgment in this cause against these defendants, and in favor of the plaintiff, for the reason that the bail bond which was introduced in evidence by plaintiff, and which was the basis of the judgment nisi, and the final judgment herein, was not a valid and binding undertaking in law, for the reason that at the time of the giving of said bail bond there were and continuously since said time have been two District Courts in Travis County, Texas, to wit: the District Court of Travis County, Texas, in and for the 26th judicial district, and the District Court of Travis County, Texas, in and for the 53d judicial district, each having concurrent jurisdiction over offenses of the grade of felony, and said bail bond did not state the court before whom the principal, J. P. Hamer, was bound to appear, as required by section 5, article 309, Code of Criminal Procedure of this State, as amended by the Act of April 17, 1899, in that said bail bond does not state before which of said two courts the said J. P. Hamer was bound to appear. The bail bond so introduced sustains appellant's assignment of error and does not state before which court the said J. P. Hamer was bound to appear. The statute and the evidence in this record show that there are two District Courts in Travis County as stated in said assignment. It follows that the bail bond is defective and was not admissible under the allegation in the scire facias writ. See Revised Statutes, 1895, sections 26 and 52, article 22, title 4; article 309, Code of Criminal Procedure, as amended by the Act of April 17, 1899, General Laws of Texas, 1899, p. 111; Moseley v. State, 37 Texas Crim. Rep., 18; Mackey v. State, 38 Texas Crim. Rep., 24; State v. Phelps, 38 Texas, 555; Vivian v. State, 16 Texas Crim. App., 262; State v. Angell, 37 Texas, 357; Ward v. State, 38 Texas, 302. It follows that the court erred in rendering judgment, as contained in appellant's second assignment, against him for the reasons above suggested.

We do not deem it necessary to pass upon the other assignments of error, but for the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE.—I am not convinced that the conclusion reached is sound. It is not essential that the bond should in express terms name before what particular District Court of Travis County the appearance of the defendant should be made. The bond gives

the time, the place and the court (that is, the District Court), when his appearance shall be made. The statute does not seem to require more than this; and was in force long before there were two District Courts in any county in this State.