## W. H. THOMAS AND T. B. DOCKERY v. THE STATE.

### No. 557.   Decided April 19, 1910.

**1.—Scire Facias—Variance—Name of Principal.**

See opinion for remarks on name of principal in appearance bond, and absence of allegation in the scire facias that the name alleged was the same person.

**2.—Same—More than One District Court in same County—Defective Bail Bond.**

Where, upon trial of scire facias proceedings, the bail bond offered in evidence upon which the judgment nisi was based did not state before which particular District Court the principal was bound to appear (there being two District Courts in said county having concurrent jurisdiction over the offense with which the principal was charged at the time the bond was made) the said bail bond was defective and not admissible in evidence under the allegations of the scire facias that the judgment nisi was rendered in one of said District Courts, describing the same. Following Granberry v. State, 55 Texas Crim. Rep., 350.

Appeal from the District Court of El Paso. Tried below before the Hon. James R. Harper.

Appeal from a judgment final on forfeiture of bail bond in the sum of $500.

The opinion states the case.

*Thomas M. and Cyrus H. Jones,* for appellants.—On the question of variance of name of principal in bond and scire facias: Lowe v. v. State, 15 Texas, 141; Cassaday v. State, 4 Texas Crim. App., 96; Walter v. State, 6 Texas Crim. App., 254; Loving v. State, 9 Texas Crim. App., 471; Weaver v. State, 13 Texas Crim. App., 191; Mc-

Intyre v. State, 19 Texas Crim. App., 443; Vidauri v. State, 22 Texas Crim. App., 676; Hutchings v. State, 24 Texas Crim. Rep., 242; Brown v. State, 28 Texas Crim. App., 65.

On question of different District Courts in same county: Cushman v. State, 38 Texas, 182; Smith v. State, 7 Texas Crim. App., 160; State v. Angell, 37 Texas, 357; Barnes v. State, 36 Texas, 332; Crouch v. State, 36 Texas, 333.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—In July, 1907, appellants became sureties on the bond of Lillie Smith in the sum of $500 conditioned for her appearance before the District Court of El Paso County at its next term to be begun and holden at the courthouse in the city of El Paso, in said county, on the first Monday in September, 1907, same being the 2d day of said month. This bond was given to secure the release of said Lillie Smith, who had been charged, before C. W. Marshall, justice of the peace of said county, with the offense of theft, and who at the examining trial had held her to bail in said sum. The name of Lillie Smith appears in the bond both as "Liely Smith" and as "Leely Smith." The bond is signed, however, by "Lillie Smith." The scire facias issued in the case describes the bond as having been made by "Lillie Smith." There is no allegation in the scire facias that the name appearing as "Liely Smith" and as "Leely Smith" was intended to describe Lillie Smith and that these were the same person. It is also urged that the bond is defective for other reasons, among which is that it does not name before which district El Paso County she was bound to appear before. We must take judicial notice of the fact that there are two District Courts in El Paso County, to wit, one for the 34th Judicial District and also what is known as the 41st Judicial District Court. There was no evidence in the record that Lillie Smith did not appear before the 41st District Court, and it is urged that there is nothing in the record to show that she was bound to appear before the 34th District Court. My own judgment is that inasmuch as the bond names the court and the date when same convened that this is sufficient. However, the exact question here raised was ruled adversely to this contention by this court in the case of Granberry v. State, 55 Texas Crim. Rep., 350, where it was held that where upon trial of scire facias proceedings the bail bond offered in evidence upon which the judgment nisi was based did not state before which particular District Court the principal was bound to appear (there being two District Courts in said county having concurrent jurisdiction over the offense with which the principal was charged at the time the bond was made) the said bail bond was defective and not admissible in evidence under the allegations of the scire facias, that the judgment nisi was rendered in one of said District Courts, describing the same." In that case, as in this, as will appear from my dissenting opinion in the

Granberry case, the bond gave the time, the place and the court—that is, the District Court—when and where the defendant's appearance was to be made. Following the case cited it must result· without reference to the other questions raised that the judgment of the court below shall be reversed and the cause remanded, as is accordingly now done.

*Reversed and remanded.*