Victor R. BLAINE and Harold J. Geis, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 46688, 46689.

Court of Criminal Appeals of Texas.

May 16, 1973.

Rehearing Denied June 6, 1973.

Eugene T. McLaughlin, Houston, for appellants.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

These are appeals from final judgments forfeiting appearance bonds wherein the sureties alone appeal.

The record reflects that the principal, Joel Wayne Kimling, was charged by separate indictments in the 147th Judicial District Court of Travis County, Texas with unlawful possession of marihuana and unlawful possession and sale of a dangerous drug, to-wit: LSD. The principal entered into bonds with appellants as sureties in the sum of $1,000 and $10,000, respectively, for his appearance in "the District Court of Travis County, Texas," which were duly approved on July 22, 1971.

On October 18, 1971, and November 1, 1971, judgments nisi forfeiting said bonds were entered in the 147th Judicial District Court of Travis County, when said causes were called for trial and the principal failed to appear.

Scire facias were issued and served on the sureties pursuant to the judgments nisi. The judgments nisi in both causes were made final after a hearing on December 8, 1972.

The appellants contend in their first ground of error that the bonds were not valid and binding undertakings in law in that they did not bind the principal to appear before the proper court. Since the bonds do not name the specific district court before which the principal had bound himself to appear, appellants argue that they are invalid.

Appellants rely on Granberry v. State, 55 Tex.Cr.R. 350, 116 S.W. 594 (1909), and Thomas v. State, 59 Tex.Cr.R. 159, 127 S.W. 1030 (1910), to support their argument. The decisions in Granberry, supra, and Thomas, supra, were based on Article 309, Code of Criminal Procedure of 1895, as amended by the Acts of April 17, 1899 (Gen.Laws 1899, p. 111, c. 74). Section 5 of that statute provided:

"That the bond state the time and place when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. In stating the time it is sufficient to specify the term of the court, and in stating the place it is sufficient to specify the name of the court ·or magistrate and of the county."

However, since the days of Granberry, supra, the legislature, responding to the need for additional courts, has continued to create new district courts throughout the state. Multi-court counties are no longer the exception, but the rule. As can be seen in the case at bar, at the time of the execution and forfeiture of these bonds there were six district courts in Travis County, the existence and jurisdiction of which this Court will take judicial knowledge. All the district courts in Travis County have civil and criminal jurisdiction, and the judges of each of the district courts may exchange benches at their discretion and may also transfer cases to any other District Court of Travis County. Art. 199, Sections 53, 98, 127, 147, 167, Vernon's Ann.Civ.St.; Art. 199a, Section 3.029, V.A.C.S.

The 1965 revision of the Code of Criminal Procedure considered the proliferation of courts when the requisites of a bail

bond were redefined. Article 17.08, Sec. 5, Vernon's Ann.C.C.P., now provides:

"That the bond state the time and place, when and where the accused binds himself to appear, and the court or magistrate before whom he is to appear. The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate; . . . ."

Article 17.08 omits the specific provision of the previous statute that the bond "specify the name of the court or magistrate." It may thus be seen that the statute provides that the bond shall bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending. See Daniels v. State, 171 Tex.Cr.R. 596, 352 S.W.2d 267.

Appellants' ground of error raises only the contention that for the stated reason the bond was invalid. There is no contention that any of the parties to the bond were misled, or that the principal's failure to appear when the case was called was due in any way to any of the provisions in the bond. In fact, the record is silent as to the reasons for his failure to answer the docket on October 18, 1971 and on November 1, 1971.

■ We hold that the appearance bond was not invalid because it failed to specify the particular district court of Travis County in which the principal should make his appearance. To the extent, if any, that Granberry v. State, supra, and Thomas v. State, supra, may be in conflict with present Article 17.08, Sec. 5, V.A.C.C.P., and with our holding in the instant case, they are overruled.

However, in the instant case, the record reflects that prior to the time when the bail bonds were executed to secure the principal's release from confinement, the principal appeared in the 147th District Court of Travis County, and was duly arraigned, and "waived the reading of the indictment and plead 'not guilty'". Several subsequent entries on the docket sheets show that principal's counsel then filed pretrial and continuance motions.

In Landrum v. State, 171 Tex.Cr.R. 106, 345 S.W.2d 752, the Court stated:

"All that is required is that the principal know when and in what court he was to appear. This he clearly did."

■ It is clear that the principal had appeared in the 147th District Court of Travis County prior to the execution of the bond which required him to answer charges before the "District Court of Travis County," and knew "the time and place, when and where . . . and the court or magistrate before whom he is to appear," Article 17.08, supra. In Granberry, supra, and Thomas, supra, it does not appear that the principal had appeared and answered charges in a specific court prior to the execution of the bond to appear before an unspecified district court; therefore, it really appears the aforementioned cases are not applicable.

Appellants' first ground of error is overruled.

■ In their second ground of error, appellants contend that "the court erred in rendering final judgment against appellants for the reason that there was a material variance between the judgment nisi and the bond offered into evidence in support thereof." This contention also is based on the fact that the bonds bind the principal to appear in the District Court of Travis County, whereas the judgment nisi states that the bond bound him to appear in the 147th District Court of Travis County, Texas. While it is obvious that a variance exists between the bond and the judgment nisi, this variance is not material since the case was pending in the 147th District Court and the principal had appeared in the 147th District Court of Travis County to answer the indictments against him

prior to the execution of the bond. The principal and appellants knew the specific court in which to appear. The failure of such appearance resulted in the judgments nisi.

Appellants' second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.