**Gary A. LYLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61699.**

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 3, 1979.

Rehearing En Banc Denied Oct. 31, 1979.

Ken J. McLean, Henry R. Muller, Houston, for appellant.

Carol S. Vance, Dist. Atty., Larry P. Urquhart and John S. Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and DALLY, JJ.

OPINION

ODOM, Judge.

This is an appeal from a bond forfeiture proceeding.

In two grounds of error appellant contends that the forfeiture should be set aside because the name given by the principal upon his arrest, and appearing on the bond, was an alias and not his true name. As a result, argues appellant, he, as surety, was not able to ascertain the principal's prior record of two felony convictions.

It is established that the only grounds for exonerating liability are those provided in Art. 22.13, V.A.C.C.P. The only provision thereunder that arguably could apply is that the false name rendered the bond "not a valid and binding undertaking in law." No cases are cited that would support such an interpretation of the statute. In *Jones v. State*, 504 S.W.2d 442 (Tex.Cr.App.), it was pointed out that a defendant's name may be alleged in an indictment by means of any name by which he is known, and may be corrected by mo-

tion of the defendant if he so desires. See the authorities cited and discussed in *Jones*. Just as the defendant's name in the indictment is for purposes of identification, so is the principal's name in the bond for purposes of establishing his identification. There was no showing in this case that appellant (surety) mistook the principal to be some other person and thereby thought himself to be entering into the contract with some other individual. We hold that the mere use of an alias does not render the bond "not a valid and binding undertaking in law" within the terms of Art. 22.13(1), supra.

In his remaining ground of error appellant argues that there was a fatal variance between the bond and the final judgment of forfeiture in that the bond identified the charged offense by name and as a felony, while the judgment referred to the charge simply as a felony. *International Fidelity Ins. Co. v. State*, 489 S.W.2d 914 (Tex.Cr.App.), is contrary to appellant's position. The ground of error is overruled.

The State in its brief points out that the trial court ordered a remittitur on the bond, and suggests that this Court reform the final judgment to order forfeiture of the entire amount of the bond because the trial court was without lawful authority to order the remittitur. *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.), held that a remittitur is authorized only under the terms of Art. 22.16, V.A.C.C.P. No authority for a remittitur appears in this case. The judgment is reformed to order forfeiture of the entire $7,500.00 amount of the bond.

As reformed, the judgment is affirmed.