Sam L. RODRIGUEZ, Principal, E.M. Gilmore, Jr., and R.J. Hayes, d/b/a Alamo Bail Bonds, Surety, Appellants,

v.

The STATE of Texas, Appellee.

No. 04–82–00235–CV.

Court of Appeals of Texas, San Antonio.

May 30, 1984.

**636**

C. David Evans, San Antonio, for appellants.

Sam Millsap, Jr., Dist. Atty., Miguel Martinez, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal by the sureties from a final judgment in the forfeiture of a bail bond. We affirm.

Appellant presents four points of error. Point one states the trial court erred in ordering a bond forfeiture because the bond failed to identify the court before whom the principal was first to appear. The bond reads in part:

The condition of the above obligation is such that whereas the above named principal, *Sam L. Rodriguez*, stands charged by information, duly presented in the County Court at Law No. ____ of Bexar County, Texas, with a misdemeanor, to-

wit, the offense of *Possession Of Marijuana 0–2 ozs.*

Now if the said *Sam L. Rodriguez* will personally appear before the said County Court at Law No. ____ of Bexar County, Texas, instanter at its present term, at the Court House of Bexar County, Texas, in the City of San Antonio, and there remain from day to day, and from term to term of said Court, and not depart until discharged by due course of law, then and there to answer said above described accusation, and shall personally appear instanter before any other Court to which same may be transferred, and for any and all subsequent proceedings had relative to the accusation, and there remain from day to day, and from term to term of said Court, and not depart until discharged by due course of law, then and there to answer said above described accusation, then the above obligation shall be null and void, and otherwise to be and remain in full force and effect.

■■■ The only grounds for exonerating a defendant and his sureties upon forfeiture of a bond are those provided in TEX. CODE CRIM.PROC.ANN. art. 22.13, §§ 1–4 (Vernon 1966). *Lyles v. State*, 587 S.W.2d 717, 717 (Tex.Crim.App.1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980). Appellant argues that its bond is "not a valid and binding undertaking in law," art. 22.13, § 1, because the number of the county court at law was left blank. Appellant contends that such a bond fails to conform to the mandates of TEX.CODE CRIM.PROC.ANN. art. 17.08, §§ 2 and 5 (Vernon 1977):

A bail bond shall be sufficient if it contain the following requisites:

\*     \*     \*     \*     \*     \*

2. That the defendant and his sureties, if any, bind themselves that the defendant will appear before the proper court or magistrate to answer the accusation against him;

\*     \*     \*     \*     \*     \*

5. That the bond state the time and place, when and where the accused binds

himself to appear, and the court or magistrate before whom he is to appear. The bond shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate; ...

In *Balboa v. State*, 612 S.W.2d 553 (Tex. Crim.App.1981), the Court of Criminal Appeals wrote:

The provision of the statute that the bond state "the court or magistrate" before whom the principal is to appear is for the benefit of the principal and surety; they have a right to insist that that provision of the statute be met if they do so at the time the bond is executed and presented for approval. However, if this right is not insisted upon at that time it is a right which may be waived and the principal and sureties may not be heard to complain of such an omission for the first time after the bond has been forfeited.

*Id.* at 555.

Appellant at the hearing on its motion for new trial presented uncontroverted testimony that in compliance with a district attorney's office policy in 1977, court numbers on bonds were left blank. One sheriff's officer testified:

We made the bonds and left the court position there open. The District Attorney would, then, after they received the paper work from jail, from the Night Magistrate's Office, they would match it up and set it in the court. Our instructions were to leave them open.

Another officer testified that no additional information on time and place of court appearance was given to the bondsman by the sheriff's office. E.M. Gilmore, Jr., a partner in appellant bond company, said he had in the past asked the officer taking bonds where defendants were to appear and had been told no one at that time knew. The record does not show appellant asked for the court number in this case.

An assistant district attorney testified that policy changed in October, 1977, and that thereafter court numbers were filled in. He also testified that prior to October, 1977, cases were filed in various county courts at law as equally as possible, but that defense attorneys could ask for a case to be filed in a particular court and that the case would be so filed.

Appellant argues that it did not waive its right that art. 17.08, § 5 be met, *Balboa, supra,* at 555, because even if sheriff's officers had been asked, they could not have supplied the court number at the time the bond was issued. Testimony, nevertheless, suggests a court number could have been ascertained, allowing time for processing the case, in the district attorney's office. Insistence on knowing the court number apparently would have caused appellant extra steps and delay, especially in the case of night bonds. If appellant found the bond and other methods of notification of time and place so deficient as to require notation of the court number before it assumed the bond, it behooved appellant to take the extra steps. Evidence does not show that a request for a court number would have been futile or that appellant timely insisted on that information in this case. Moreover, we consider the court information on this bond sufficiently specific to meet the requirements of art. 17.08, § 5.

As a practical matter, the bail bond by itself is generally an inadequate source of exact time and place information for principals or sureties. "INSTANTER, there to remain in attendance from day to day, and term to term, until discharged by due order of the Court ..." has been held to satisfy the "time" requirement of relevant statutes, now arts. 17.08 and 17.09. *Cena v. State,* 422 S.W.2d 730, 731 (Tex.Crim.App. 1967).

The Court of Criminal Appeals dealt with the "place" or "court" requirement in *Hall v. State,* 485 S.W.2d 563, 564 (Tex.Crim. App.1972) and in *Blaine v. State,* 494 S.W.2d 916 (Tex.Crim.App.1973). In *Hall,* appellant complained the bond required the principal to appear in 147th District Court

of Travis while the bond was forfeited in 167th District Court. The Court of Criminal Appeals held appellant's point was without merit because the district judges of Travis by law could determine any case from any other Travis District Court without having the case transferred. In *Blaine,* the bond stated the principal was to appear in "the District Court of Travis County, Texas." The Court took judicial notice that Travis County had six district courts. The Court then noted that the 1965 revision of the Code of Criminal Procedure considered the proliferation of courts when the requisites of a bail bond were redefined. The 1965 revision omits the specific provision of the previous statute that the bond "specify the name of the court or magistrate." "It may thus be seen that the statute provides that the bond shall bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending." *Id.* at 918. The court in *Blaine* held that "the appearance bond was not invalid because it failed to specify the particular district court of Travis County in which the principal should make his appearance." *Id.*

It is true that neither the situation in *Blaine* nor the one in *Balboa* is exactly like the one here. In *Blaine,* the principal had appeared in 147th District Court of Travis County prior to the execution of the bond and hence knew in which district court to appear. In *Balboa,* the bond, which left the justice precinct number blank, was forfeited in district court, not in justice court. Hence *Balboa* was controlled by the part of its bond that read "shall personally appear for any and all subsequent proceedings...." [1]

But, although the record here lacks evidence the principal or appellant knew in which court to appear, in this case, just as in *Blaine:*

There is no contention that any of the parties to the bond were misled, or that the principal's failure to appear when the case was called was due in any way to any of the provisions in the bond. In fact, the record is silent as to the reasons for his failure to answer....

*Supra* at 918. In addition, the bond in this case spells out in broader terms than does the bond in *Balboa* the art. 17.08, § 5 requirement that the bond bind the defendant to appear "before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required...." The bond in *Balboa* required appearance before any court in which "said subsequent proceedings may be pending...." The bond here requires appearance before "any other Court to which same may be transferred, and for any and all subsequent proceedings...."

Specificity in bonds as to time and place of appearance is a question of degree to which art. 17.08, § 5 provides no precise answer. Bail bond companies naturally prefer maximum specificity for notification purposes before the often elusive defendant is released on bond. Nonetheless, bonds generally do not specify the hour or the room number for defendants' first appearances, yet that information is necessary for a defendant actually to come into court. But appellant does not claim that subsequent to execution of the bond that it could not, upon inquiry, secure additional information about the time and place of the defendant's first appearance. Nor does appellant claim the defendant did not receive sufficient information to enable him to make his first appearance. The bond company partner who testified at the hearing on the motion for new trial said he did not bring his records with him to the hearing. But he testified that, without his records, he was not aware of any contact between

---

1. Bonds with the justice precinct number blank are in practice usually forfeited in district court. Under *Balboa,* such blanks will not be fatal to the bond because appearance in district court is required by the bond's "subsequent proceedings" clause. On the other hand, first appearances under county-court-at-law bonds are made in county courts at law. If these bonds are forfeited on failure to first appear, the bond's "subsequent proceedings" clause does not, strictly speaking, apply.

his company and the principal after the execution of the bond.

We do not encourage "blank" bonds. Informing a defendant as soon as possible about the exact time and place of first appearance benefits the court system as well as the surety and the principal. However, the issue here is not lack of actual notice or the ideal time for full notice to the parties. Instead, we determine whether the bond in question was so deficient in specifying the court as to exonerate appellant from the bond it undertook. The bond here identified the court system and designated the physical location of the county courts. If the bondsman elected to assume the bond without a court number, as appellant did here, he knew from the bond's information where to make further inquiries. We hold that the bond here, indicating "the County Court at Law No. ____ of Bexar County, Texas ... at the Court House of Bexar County, Texas, in the City of San Antonio ...," is sufficiently specific as to place and court to meet the requirements of art. 17.08, § 5. Hence, the bond appellant signed was a valid and binding undertaking in law.

■ Points of error three and four complain of a material variance between the judgment nisi and the bond. Point three notes the difference between the bond and the judgment nisi as to the court designation. The bond recites the principal is to appear in "the County Court at Law No. ____ of Bexar County, Texas." The amended judgment nisi states that the bond required the principal appear "before the County Court at Law Number ____ at the Bexar County Courthouse." The judgment nisi, however, also says the defendant's "personal appearance in the case now pending against Defendant in *this* Court was required by law...." (Emphasis added). Appellant argues that "this Court" refers to the County Court at Law Number 5 which rendered the judgment nisi and the final judgment.

Appellant cites *Shropshire v. State,* 433 S.W.2d 898 (Tex.Crim.App.1968) and *Smith v. State,* 548 S.W.2d 407 (Tex.Crim.App.

1977), but this case differs from both. In *Shropshire,* the judgment nisi recites a charge different from the one named in the bond. In *Smith,* the judgment nisi was entered in 147th District Court of Travis County, but the final judgment, entered in 167th District Court, stated the bond was forfeited because the principal failed to appear in "this" court, namely, the 167th.

Here the bond is not conditioned on an appearance in one court while the judgment nisi names a different court. The description "County Court at Law No. ____" lacks the specificity of "County Court at Law No. 5" but does not represent a different court. A difference in courts has the potential for actually confusing a principal into thinking he knows the court in which to appear when in fact he is expected elsewhere. When the court number is left blank, the principal knows he must inquire as to the particular court. We find no material variance. Basically, however, appellant's underlying complaint is not variance but, as in point of error one, the degree of specificity required by art. 17.08, § 5. Based on our reasoning under point one, we find sufficient specificity. Point of error three is overruled.

■ Point four contends that the addition of the words "before any other Court for any and all subsequent proceedings" in the amended judgment nisi varies materially from the bond's requirement binding the principal to appear "for any and all subsequent proceedings had *relative to the accusation....*" (Emphasis added). Appellant argues that the judgment nisi enlarges the obligation of the bond to make sureties liable for the principal's appearance for *any* proceedings before *any* court. The only proceedings in question here are those held relative to the accusation named in the bond. Hence, appellant has not been harmed by the omission of the words "relative to the accusation" from the judgment nisi. Point of error four is overruled.

■ Point of error two says the bond obligation was void ab initio because the bond recited that the principal was charged

by information when in reality an information was not filed until over a week after the bond was executed. Appellant argues that the bond is not a valid and binding undertaking in law since the bond recited false consideration, namely, that the State was releasing a principal charged by information when the principal had not yet been so charged.

Appellant's pleading merely alleges: "No indictment or information was presented at the first term of Court after Defendant Principal was admitted to bail." Appellant's answer did not raise the affirmative defense of no consideration by verified pleadings. TEX.R.CIV.P. 93, 94. Nor did appellant argue lack of consideration at trial. In any event, appellant misunderstands the nature of a bail bond. The bond is "a written undertaking entered into by the defendant and his sureties...." TEX. CODE CRIM.PROC.ANN. art. 17.02 (Vernon 1977). The sureties agree to assume the bond obligation in return for consideration, usually a fee, paid by the principal. The State releases the principal not because of contractual consideration between the State and the surety but because of constitutional and statutory rights of the principal. TEX. CONST. art. I, § 11; TEX. CODE CRIM.PROC.ANN. art. 1.07 (Vernon 1977).

Furthermore, the bond is not insufficient because it recites the information was filed when it was not in fact filed until later. The municipal court judge sitting as magistrate issued a commitment order, dated April 22, 1977, stating the defendant was charged with a misdemeanor, to-wit: possession of marijuana (0–2) ounces. Appellant's bond is dated April 23, 1977. The bond satisfied art. 17.08, § 3 in specifying that the principal was charged with a misdemeanor rather than with a felony. Information beyond this is surplusage. *See Counts v. State,* 363 S.W.2d 288, 290 (Tex. Crim.App.1962). Point of error two is overruled.

The judgment of the trial court is affirmed.