NUMBERS 13-99-148-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


ALEX R. HERNANDEZ DOING 

BUSINESS AS HERNANDEZ BONDING

COMPANY AND ADAN FLORIANO, Appellants,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court


of Refugio County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Yañez


 Adan Floriano and Alex R. Hernandez, d/b/a Hernandez Bonding
Company ("Hernandez") bring this appeal to challenge the trial court's
judgment ordering forfeiture of Floriano's bail bond. We modify, and
affirm as modified.

 Floriano was indicted for possession of marijuana, more than five
pounds, less than fifty pounds, with a bond of $10,000. Hernandez
was the surety on the bond. Floriano failed to appear on his appointed
court date, and a judgment nisi, declaring forfeiture, was issued. On
December 21, 1998, the trial court held a hearing to determine whether
Floriano had just cause for failing to appear on his trial date. Following
the hearing, at which Floriano failed to appear, the court rendered final
judgment, ordering that the State recover the value of the bond, plus
costs of suit and post-judgment interest.

 The appellants challenge the judgment in three issues. With their
first issue, appellants argue that a judgment on a bond forfeiture may
not include post-judgment interest. The State concedes this point.

 We agree that the trial court erred in awarding post-judgment
interest. This issue has been addressed by the Dallas Court of Appeals. 
Bailout Bonding Co. v. State, 797 S.W.2d 275, 277-278 (Tex. App.--Dallas 1990, pet. ref'd). The Dallas Court noted that a "penal judgment,
that is, a judgment in the nature of a fine, must not exceed the penal
sum fixed by the bond." Id. "A judgment on such a bond is in the
nature of punishment." Id. at 278. (quoting Magless v. State, 112 Tex.
Crim. 646, 18 S.W.2d 669, 670 (1929)). The "sum recoverable for
noncompliance with the conditions of a bail bond is a penalty." 
Magless, 18 S.W.2d at 670. Awarding interest on a bail bond would
result in the forfeiting party being required to pay an amount in excess
of the penalty set by the bond. The award of post-judgment interest
was error. Issue number one is sustained. 

 Appellants' argue, in their second issue, that there is a fatal
variance between the judgment nisi and the final judgment. Appellants
point out that the judgment nisi states that Floriano was required by
his bond to appear "before the district court of Refugio County, Texas
. . . at the courthouse of said county, in the town of Cuero." Cuero is
the county seat of De Witt county: the courthouse for Refugio county is
located in the city of Refugio. The judgment nisi misstates the contents
of the bail bond. In fact, the bond correctly orders appellants to appear
before the court in the courthouse of the town of Refugio. Appellants
argue that the misstatement, in the judgment nisi, of the contents of the
bond, constitutes a variance that requires reversal. 

 In order to justify reversal, a variance between a judgment nisi and
a bail bond must amount to a fatal variance. See Blaine v. State, 494
S.W.2d 916, 918 (Tex. Crim. App. 1973); Mackintosh v. State, 845
S.W.2d 361, 362-63 (Tex. App.--Houston [1st Dist.] 1992, no pet.). In
Blaine, the court of criminal appeals found that there was a variance
between the bond and the judgment nisi, but found the variance to be
immaterial. Blaine, 494 S.W.2d at 918. The court noted that the
principal and surety both knew the specific court in which to appear. 
Id. at 919. The same conclusion is reached in the case now before this
Court. Although the judgment nisi misstates the contents of the bond,
the surety and principal both knew that they were to appear before the
court in Refugio, as directed by the bond. The citation giving the
appellants notice of the judgment nisi ordered Hernandez and Floriano
to appear in the 24th District Court in the city of Refugio. Hernandez
filed a motion for continuance with that court following the issuance of
the judgment nisi and the citation. The variance between the bond and
the judgment nisi did not cause the appellants any harm. The variance
in the judgment nisi is not fatal. Issue number two is overruled.

 With their third issue, appellants contend that the bond could not
be forfeited because the surety, Hernandez, did not have proper notice
of, and did not appear at the hearing. Contrary to appellants' claims,
the record before this Court shows Hernandez as being present at the
hearing. The reporter's record shows Hernandez appearing at the
hearing.(1) An appearance by a party constitutes waiver of service. Tex.
R. Civ. P. 124; Spivey v. Holloway, 902 S.W.2d 46, 48 (Tex. App.--Houston [1st Dist] 1995, no writ); Houston Crushed Concrete v.
Concrete Recycling Corp., 879 S.W.2d 258, 260 (Tex. App.--Houston
[14th Dist.] 1994, no writ); Dodson v. Seymour, 664 S.W.2d 158, 161
(Tex. App.--San Antonio 1983, no writ). By appearing in this case,
Hernandez waived service. Issue number three is overruled.


 We MODIFY the judgment to delete the award of post-judgment
interest, and AFFIRM as modified.



 ____________________________________

 LINDA REYNA YAÑEZ

 Justice




Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.

1. We also note that the docket sheet for the court also shows
Hernandez appearing at the hearing.