Opinion issued February 3, 2005














In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00268-CV




FELIX MICHAEL KUBOSH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 904739-A




O P I N I O N
          Appellant, Felix Michael Kubosh, a surety on a bail bond executed for Gustavo
Casas, Sr., challenges the trial court’s final judgment in favor of the State for the full
amount of a $75,000 bond plus costs of court, which resulted from Casas’s failure to
appear in court, as required by the bail bond. In four issues, Kubosh contends that the
trial court erred by rendering judgment in favor of the State. Kubosh contends that
the bail bond was invalid as a contract under affirmative defenses recognized by the
Rules of Civil Procedure, and therefore, that the agreement was invalid under Chapter
22 of the Code of Criminal Procedure,


 which exonerates the surety from liability if
“the bond is, for any cause, not a valid undertaking in law.” Kubosh also challenges
the trial court’s failure to order civil discovery concerning the bond forfeiture and the
State’s extradition policies and procedures. We affirm.
Background
          Casas was charged by indictment with felony possession of more than 2,000
pounds of marihuana. Kubosh, a licensed bail bondsman, and Raul Ruvalcaba
executed a bail bond in the amount of $75,000, as sureties on the bond for Casas, the
principal on the bond, to secure Casas’s release from custody pending resolution of
the charges. Casas failed to appear and answer the charge against him as required,
and the State moved for bond forfeiture. The trial court signed a judgment of
forfeiture (judgment nisi) for the full amount of the bond plus costs of court, and an
alias capias was issued to arrest Casas.
          Kubosh filed an amended answer that included a general denial and two
“affirmative defenses authorized under Tex. R. Civ. P. 94: failure of consideration
and legal excuse.”


 The premise underlying Kubosh’s purported “affirmative
defenses” was his contentions that, (1) after Casas failed to appear in court, the State
failed to procure the Mexican government’s timely issuance of a “provisional
warrant,” due to the Harris County District Attorneys Office’s inadequate extradition
policies concerning bail-jumping defendants, and that, (2) although Mexican officials
knew where Casas was, he could not be arrested without the provisional warrant. 
          Kubosh gave the State notice of intent to take the deposition of a Harris County
District Attorney’s office employee, Kim Bryant, but the State moved to quash the
deposition and for protection. The State also filed a motion to strike Kubosh’s
amended answer. Kubosh subsequently filed applications for subpoenas for
witnesses and production of documents. 
          When the trial court began the bond-forfeiture bench trial on November 19,
2003, the State offered a certified copy of the judgment nisi. Kubosh objected to 
admitting this evidence by asserting that the State had not complied with his
discovery requests. The trial was continued until December. In a hearing held on
December 18, 2003, the trial court ruled that Kubosh’s motions to compel discovery
were untimely, and that the discovery he requested was irrelevant. 
          On December 22, 2003, the State again presented certified copies of the
judgment nisi and the bail bond executed by Kubosh, Casas, and Raul Ruvalcaba. 
After the trial court admitted the State’s exhibits over Kubosh’s objections that the
State had failed to comply with his discovery motions, the State rested. Kubosh
attempted to offer exhibits related to the State’s extradition policies, but the trial court
ruled that the exhibits were inadmissible. The trial court ruled in favor of the State
and signed a final judgment of forfeiture against Kubosh, Casas, and Ruvalcaba,
jointly and severally, on the full amount of the bond plus costs of court.


 Exoneration From Liability Upon Forfeiture
          Kubosh contends that he is exonerated from liability for Casas’s failure to
appear based on Chapter 22 of the Code of Criminal Procedure, which exonerates the
defendant and his sureties if “the bond is, for any cause, not a valid undertaking in
law.” Tex. Code Crim. Proc. Ann. art. 22.13(a)(1) (Vernon Supp. 2004-2005). 
Chapter 22 allows a surety to offer proof on the affirmative defense of exoneration
to avoid liability for a bail bond under the following circumstances only: 
(a) The following causes, and no other, will exonerate the defendant
and his sureties, if any, from liability upon the forfeiture taken:
 
1. That the bond is, for any cause, not a valid and binding
undertaking in law. If it be valid and binding as to the principal,
and one or more of his sureties, if any, they shall not be
exonerated from liability because of its being invalid and not
binding as to another surety or sureties, if any. If it be invalid and
not binding as to the principal, each of the sureties, if any, shall
be exonerated from liability. If it be valid and binding as to the
principal, but not so as to the sureties, if any, the principal shall
not be exonerated, but the sureties, if any, shall be. 

                    2. The death of the principal before the forfeiture was taken.
 
3. The sickness of the principal or some uncontrollable
circumstance which prevented his appearance at court, and it
must, in every such case, be shown that his failure to appear arose
from no fault on his part. The causes mentioned in this
subdivision shall not be deemed sufficient to exonerate the
principal and his sureties, if any, unless such principal appear
before final judgment on the bond to answer the accusation
against him, or show sufficient cause for not so appearing.
 
4. Failure to present an indictment or information at the first term
of the court which may be held after the principal has been
admitted to bail, in case where the party was bound over before
indictment or information, and the prosecution has not been
continued by order of the court. 

Tex. Code Crim. Proc. Ann. art. 22.13(a) (Vernon Supp. 2004-2005); see Spradlin
v. State, 100 S.W.3d 372, 379 (Tex. App.—Houston[1st Dist.] 2002, no pet.).
          Article 22.13(a)’s four enumerated causes provide the sole bases by which a
defendant and his sureties may be exonerated upon forfeiture of a bond. See id. (The
following causes, and no other. . . .) (emphasis added); Lyles v. State, 587 S.W.2d
717, 717 (Tex. Crim. App. 1979); Rodriguez v. State, 673 S.W.2d 635, 636 (Tex.
App.—San Antonio 1984, no writ). 
          When asked by the trial court whether he had a binding agreement with Casas,
or whether he would be presenting any evidence that they did not have a binding
agreement, Kubosh responded, “I’m not presenting any evidence on that issue, your
honor.” When asked further if he would be presenting evidence on any of the three
other affirmative defenses available under article 22.13, Kubosh responded, “no.” 
We conclude that Kubosh presented no evidence of an affirmative defense that would
exonerate himself from liability upon the forfeiture of the bond under Chapter 22 of
the Code of Criminal Procedure. 
          Although Kubosh does not dispute that the State met the statutory requirements
of the judgment nisi, he claims that he asserted defenses of failure of consideration
and legal excuse, in accordance with rule 94 of the Rules of Civil Procedure, and that,
because of these affirmative defenses, the bond is “not a valid undertaking in law”
under article 22.13(a)(1) of the Code of Criminal Procedure. Tex. Code Crim. Proc.
Ann. art. 22.13(a)(1) (Vernon Supp. 2004-2005). Kubosh further contends that civil
law of contract applies


 because the bail bond is a three-way contractual agreement
among the State, the principal defendant, and the bail-bond surety, which requires
that the State take reasonably timely steps to secure the issuance of provisional
warrants for the arrest of bond-skipping defendants who flee the country.
          After a forfeiture has been declared on a bond, the case is placed on the civil
docket with the State of Texas as the plaintiff, and the defendant and any sureties as
defendants. Tex. Code Crim. Proc. Ann. art. 22.10 (Vernon Supp. 2004-2005). A
bond forfeiture action is a criminal proceeding that utilizes the Rules of Civil
Procedure. Id. (stating that a bond-forfeiture case is governed by same rules
governing other civil suits); State v. Sellers, 790 S.W.2d 316, 321 (Tex. Crim. App.
1990). The civil rules apply procedurally, however, and not substantively. See
Sellers, 790 S.W.2d at 321. Article 22.10 does not transform a bond forfeiture
proceeding from a criminal case into “a civil case.” Sellers, 790 S.W.2d at 321.
          “It is well-settled that the State’s case in a bond-forfeiture proceeding consists
of the bond and the judicial declaration of the forfeiture of the bond, which is the
judgment nisi. Once this has been established, the defendant must then prove that one
of the elements has not been complied with.” Tocher v. State, 517 S.W.2d 299, 301
(Tex. Crim. App. 1975); Spradlin, 100 S.W.3d at 377; McCluskey v. State, 64 S.W.3d
621, 623 (Tex. App.—Houston [1st Dist.] 2001, no pet.). 
          By presenting the bond and the judgment nisi to the trial court, the State made
a prima facie case for forfeiture of the bond. See Alvarez v. State, 861 S.W.2d 878,
881 (Tex. Crim. App. 1992). The burden then shifted to Kubosh, who had the burden
to either (1) prove that the State did not satisfy one of the statutory requirements of
the judgment nisi, or (2) raise a fact issue on his affirmative defense of exoneration. 
Id. at 881; Hill v. State, 955 S.W.2d 96, 100-01 (Tex. Crim. App 1997).
          We conclude that the defenses listed in rule 94 of the Texas Rules of Civil
Procedure do not apply to a bond forfeiture proceeding, and thus hold that the trial
court did not err by finding that Kubosh was liable for the bail bond. 
          We overrule Kubosh’s first issue.
State’s Failure to Comply with Discovery
          In his remaining issues, Kubosh challenges the State’s alleged failure to
comply with his discovery requests concerning his claimed “affirmative defenses” of
failure of consideration and legal excuse.
          Kubosh’s complaints concerning discovery all pertain to his contention that 
the contract was invalid under defenses recognized by the Civil Rules of Procedure,
which we have rejected above. A trial court does not err by excluding evidence if the
evidence does not show that the accused is entitled to the defense to which it applies. 
Reed v. State, 794 S.W.2d 806, 809-11 (Tex. App.—Houston [14th Dist.] 1990, pet.
ref’d). Thus, any discovery related to equitable affirmative defenses not recognized
under article 22.13 is irrelevant. See In re Am. Optical Corp., 988 S.W.2d 711, 713
(Tex. 1998) (holding that discovery requests must be reasonably tailored to include
only matters relevant to the case). 
          We overrule Kubosh’s issues concerning the trial court’s discovery rulings.Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.