**Felix Michael KUBOSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-04-00268-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 3, 2005.

Discretionary Review Refused Sept. 14, 2005.

David A. Furlow, Stacy L. Kelly, Thompson & Knight L.L.P, Paul Kubosh, Law Office of Paul Kubosh, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Juliane Phillips Crow, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Felix Michael Kubosh, a surety on a bail bond executed for Gustavo Casas, Sr., challenges the trial court's final judgment in favor of the State for the full amount of a $75,000 bond plus costs of court, which resulted from Casas's failure to appear in court, as required by the bail bond. In four issues, Kubosh contends that the trial court erred by rendering judgment in favor of the State. Kubosh contends that the bail bond was invalid as a contract under affirmative defenses recognized by the Rules of Civil Procedure, and therefore, that the agreement was invalid under Chapter 22 of the Code of Criminal Procedure,[1] which exonerates the surety from liability if "the bond is, for any cause, not a valid undertaking in law." Kubosh also challenges the trial court's failure to order civil discovery concerning the bond forfeiture and the State's extradition policies and procedures. We affirm.

## Background

Casas was charged by indictment with felony possession of more than 2,000 pounds of marihuana. Kubosh, a licensed bail bondsman, and Raul Ruvalcaba executed a bail bond in the amount of $75,000, as sureties on the bond for Casas, the principal on the bond, to secure Casas's

---

1. *See* TEX.CODE CRIM. PROC. ANN. art. 22 (Vernon Supp.2004–2005).

release from custody pending resolution of the charges. Casas failed to appear and answer the charge against him as required, and the State moved for bond forfeiture. The trial court signed a judgment of forfeiture (judgment nisi) for the full amount of the bond plus costs of court, and an alias capias was issued to arrest Casas.

Kubosh filed an amended answer that included a general denial and two "affirmative defenses authorized under TEX.R. CIV. P. 94: failure of consideration and legal excuse."[2] The premise underlying Kubosh's purported "affirmative defenses" was his contentions that, (1) after Casas failed to appear in court, the State failed to procure the Mexican government's timely issuance of a "provisional warrant," due to the Harris County District Attorneys Office's inadequate extradition policies concerning bail-jumping defendants, and that, (2) although Mexican officials knew where Casas was, he could not be arrested without the provisional warrant.

Kubosh gave the State notice of intent to take the deposition of a Harris County District Attorney's office employee, Kim Bryant, but the State moved to quash the deposition and for protection. The State also filed a motion to strike Kubosh's amended answer. Kubosh subsequently filed applications for subpoenas for witnesses and production of documents.

When the trial court began the bond-forfeiture bench trial on November 19, 2003, the State offered a certified copy of the judgment nisi. Kubosh objected to admitting this evidence by asserting that the State had not complied with his discovery requests. The trial was continued until December. In a hearing held on December 18, 2003, the trial court ruled that Kubosh's motions to compel discovery were untimely, and that the discovery he requested was irrelevant.

On December 22, 2003, the State again presented certified copies of the judgment nisi and the bail bond executed by Kubosh, Casas, and Raul Ruvalcaba. After the trial court admitted the State's exhibits over Kubosh's objections that the State had failed to comply with his discovery motions, the State rested. Kubosh attempted to offer exhibits related to the State's extradition policies, but the trial court ruled that the exhibits were inadmissible. The trial court ruled in favor of the State and signed a final judgment of forfeiture against Kubosh, Casas, and Ruvalcaba, jointly and severally, on the full amount of the bond plus costs of court.[3]

### Exoneration From Liability Upon Forfeiture

Kubosh contends that he is exonerated from liability for Casas's failure to appear based on Chapter 22 of the Code of Criminal Procedure, which exonerates the defendant and his sureties if "the bond is, for any cause, not a valid undertaking in law." TEX.CODE CRIM. PROC. ANN. art. 22.13(a)(1) (Vernon Supp.2004–2005). Chapter 22 allows a surety to offer proof on the affirmative defense of exoneration to avoid liability for a bail bond under the following circumstances only:

2. Rule 94 states, "AFFIRMATIVE DEFENSES[:] In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense ..."

3. Neither the principal on the bond, Gustavo Casas Sr., nor cosurety, Raul Ruvalcaba, are parties to this appeal, although they were parties to the underlying proceedings.

(a) The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

1. That the bond is, for any cause, not a valid and binding undertaking in law. If it be valid and binding as to the principal, and one or more of his sureties, if any, they shall not be exonerated from liability because of its being invalid and not binding as to another surety or sureties, if any. If it be invalid and not binding as to the principal, each of the sureties, if any, shall be exonerated from liability. If it be valid and binding as to the principal, but not so as to the sureties, if any, the principal shall not be exonerated, but the sureties, if any, shall be.
2. The death of the principal before the forfeiture was taken.
3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing.
4. Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court.

TEX.CODE CRIM. PROC. ANN. art. 22.13(a) (Vernon Supp.2004–2005); *see Spradlin v. State,* 100 S.W.3d 372, 379 (Tex. App.-Houston[1st Dist.] 2002, no pet.).

Article 22.13(a)'s four enumerated causes provide the sole bases by which a defendant and his sureties may be exonerated upon forfeiture of a bond. *See id.* (The following causes, *and no other.* ...) (emphasis added); *Lyles v. State,* 587 S.W.2d 717, 717 (Tex.Crim.App.1979); *Rodriguez v. State,* 673 S.W.2d 635, 636 (Tex.App.-San Antonio 1984, no writ).

When asked by the trial court whether he had a binding agreement with Casas, or whether he would be presenting any evidence that they did not have a binding agreement, Kubosh responded, "I'm not presenting any evidence on that issue, your honor." When asked further if he would be presenting evidence on any of the three other affirmative defenses available under article 22.13, Kubosh responded, "no." We conclude that Kubosh presented no evidence of an affirmative defense that would exonerate himself from liability upon the forfeiture of the bond under Chapter 22 of the Code of Criminal Procedure.

Although Kubosh does not dispute that the State met the statutory requirements of the judgment nisi, he claims that he asserted defenses of failure of consideration and legal excuse, in accordance with rule 94 of the Rules of Civil Procedure, and that, because of these affirmative defenses, the bond is "not a valid undertaking in law" under article 22.13(a)(1) of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 22.13(a)(1) (Vernon Supp.2004–2005). Kubosh further contends that civil law of contract applies[4]

4. We disagree with Kubosh's contention that the State is a party to the bail-bond contract. The bond is "a written undertaking entered

into by the defendant and his sureties ..." TEX.CODE CRIM. PROC. ANN. art. 17.02 (Vernon 1977); *Rodriguez v. State,* 673 S.W.2d 635,

because the bail bond is a three-way contractual agreement among the State, the principal defendant, and the bail-bond surety, which requires that the State take reasonably timely steps to secure the issuance of provisional warrants for the arrest of bond-skipping defendants who flee the country.

■ After a forfeiture has been declared on a bond, the case is placed on the civil docket with the State of Texas as the plaintiff, and the defendant and any sureties as defendants. TEX.CODE CRIM. PROC. ANN. art. 22.10 (Vernon Supp.2004–2005). A bond forfeiture action is a criminal proceeding that utilizes the Rules of Civil Procedure. *Id.* (stating that a bond-forfeiture case is governed by same rules governing other civil suits); *State v. Sellers,* 790 S.W.2d 316, 321 (Tex.Crim.App.1990). The civil rules apply procedurally, however, and not substantively. *See Sellers,* 790 S.W.2d at 321. Article 22.10 does not transform a bond forfeiture proceeding from a criminal case into "a civil case." *Sellers,* 790 S.W.2d at 321.

■ "It is well-settled that the State's case in a bond-forfeiture proceeding consists of the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. Once this has been established, the defendant must then prove that one of the elements has not been complied with." *Tocher v. State,* 517 S.W.2d 299, 301 (Tex.Crim.App.1975); *Spradlin,* 100 S.W.3d at 377; *McCluskey v. State,* 64 S.W.3d 621, 623 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

■ By presenting the bond and the judgment nisi to the trial court, the State

made a prima facie case for forfeiture of the bond. *See Alvarez v. State,* 861 S.W.2d 878, 881 (Tex.Crim.App.1992). The burden then shifted to Kubosh, who had the burden to either (1) prove that the State did not satisfy one of the statutory requirements of the judgment nisi, or (2) raise a fact issue on his affirmative defense of exoneration. *Id.* at 881; *Hill v. State,* 955 S.W.2d 96, 100–01 (Tex.Crim.App. 1997).

We conclude that the defenses listed in rule 94 of the Texas Rules of Civil Procedure do not apply to a bond forfeiture proceeding, and thus hold that the trial court did not err by finding that Kubosh was liable for the bail bond.

We overrule Kubosh's first issue.

### State's Failure to Comply with Discovery

■ In his remaining issues, Kubosh challenges the State's alleged failure to comply with his discovery requests concerning his claimed "affirmative defenses" of failure of consideration and legal excuse.

■ Kubosh's complaints concerning discovery all pertain to his contention that the contract was invalid under defenses recognized by the Civil Rules of Procedure, which we have rejected above. A trial court does not err by excluding evidence if the evidence does not show that the accused is entitled to the defense to which it applies. *Reed v. State,* 794 S.W.2d 806, 809–11 (Tex.App.-Houston [14th Dist.] 1990, pet. ref'd). Thus, any discovery related to equitable affirmative defenses not recognized under article 22.13

640 (Tex.App.-San Antonio 1984, no writ). The sureties agree to assume the bond obligation in return for consideration, usually a fee, paid by the principal. *Rodriguez,* 673 S.W.2d at 640. The State does not release the principal because of contractual consider-

ation between the State and the surety, but because of constitutional and statutory rights of the principal. *Id.;* TEX. CONST art. I, § 11; TEX CODE CRIM. PROC. ANN. art. 1.07 (Vernon 1977).

is irrelevant. *See In re Am. Optical Corp.,* 988 S.W.2d 711, 713 (Tex.1998) (holding that discovery requests must be reasonably tailored to include only matters relevant to the case).

We overrule Kubosh's issues concerning the trial court's discovery rulings.

## Conclusion

We affirm the judgment of the trial court.